Overton, J.
 

 delivered the following opinion of the ourt.
 

 This was an action of assumpsit, commenced in the county of Knox, by Joseph Greer against Robert Miller and Thomas Greer. The defendants were both arrested, and the plaintiff filed his declaration against both, charging them with a joint assumpsit; to this declaration, Miller filed a plea, upon which the plaintiff took issue. Greer the other defendant filed no plea
 
 ;
 
 nor does the record show that any step, whatever, was taken against him by the plaintiff after filing the declaration. The cause was tried between the plaintiff and Miller, and a verdict and judgment in Miller’s favor, from which the plaintiff appealed to the circuit court, where the cause was again tried between plaintiff & Miller, and the plaintiff recovered a verdict. Miller filed reasons in arrest of judgment, which were sustained by the circuit court ; from which judgment this appeal was taken. And now the only question is, whether the circuit court erred, in arresting a judgment against Miller ? We are of opinion, it did not.
 

 By an act or assembly of North Carolina, which is in force in this state, all assumpsits and obligations, made after passing that act, in the year 1789, are to be considered
 
 *188
 
 as joint and several; hence, this case ought to be viewed in the same light, as if the assumpsit had been joint and several,
 
 by
 
 the express contract of the parties. Upon this contract then, the plaintiff had his election, to commence his suit against one, or both of the parties as he chose. Having elected to sue both, and charge them with a joint contract, he was bound to prosecute his suit, afterwards against both, and obtain a judgment against as many persons as he had sued, that each might be contributory to the satisfaction of his demand ; unless, in the progress of the cause, one of the defendants made such a defence, as, upon legal principles, exonerated him,, without affecting the justice of the plaintiff’s claim as against the other defendants. Thomas Greer made no defence ; the cause, as it respects him, is left in the county court, without any decision. And to have a cause pending in the county court against one defendant, and in the circuit court against another defendant, upon the same writ, seems to us, was incorrect.
 

 The course which the plaintiff ought to have pursued, appears to have been clearly pointed out by law. He ought to have taken a judgment by default, against Thomas Greer, and at the same time that the jury was sworn to try the issue joined, as to Miller, they could have been sworn to inquire of damages, as to Greer. And if the plaintiff was dissatisfied with the finding in the county court, he could have appealed against both defendants, to the circuit court.
 

 As this course has not been pursued, and the plaintiff has voluntarily lost sight of one of the defendants ; left the cause, as to him, undecided, or discontinued in the county court, we are well satisfied, that the circuit court decided correctly, in arresting the judgment, as to the other defendant.
 

 Let the judgment be affirmed.