7L 689
16L 294

NICHOLAS POLLARD *v.* R. G. HUSTON *et al.*

PLEADINGS AND PRACTICE. *Discontinuance. Variance.* The discontinuance of an action as to one or more of several defendants, by the failure to continue the issuance of process from term to term until served upon them, does not operate, of itself, to discontinue the action as to other parties properly summoned, and if the plaintiff declare alone against the latter defendants it would be treated as an informal *nolle prosequi*, and the variance disregarded.

---

FROM HAMILTON.

---

Appeal in error from the Criminal Court of Hamilton county.    D. C. TREWHITT, J.

TOMLINSON FORT for Pollard.

CLIFT & CLIFT for Houston.

COOPER, J., delivered the opinion of the court.

The plaintiff brought an action for damages in the circuit court against R. G. Huston, John B. Neely, Joseph Neely and Thos. O'Connor, partners under the name of R. G. Huston & Co., and against the trustees of the Cincinnati Southern Railway, a corporation having an office in the county. The summons was made returnable to the second Monday of November, 1870, and was returned executed upon the first three defendants above named, Thos. O'Connor not found. No alias summons or other process was afterwards sued out. On the 12th of July, 1880, the plaintiff

44—VOL. 7.

filed a declaration, headed Nicholas Pollard v. R. G. Huston & Company, and commencing thus: "The plaintiff sues the defendants who are in court by summons," &c. On August 3, 1880, the defendants moved the court to enter a discontinuance of the action because the plaintiff had suffered a chasm in the proceedings by failure to continue the process from term to term. On Aug. 6, 1880, an entry was made of record that the plaintiff dismissed his suit as to Thos. O'Connor. On the next day the court struck out this entry, and sustained the motion to discontinue. The plaintiff appealed.

The motion to discontinue purports to be made by the "defendants." *Prima facie,* the word defendants, used in this way, would mean the defendants served with process: *Dougherty* v. *Shown,* 1 Heis., 302; *Winchester* v. *Beardin,* 10 Hum., 247; *Boyd* v. *Baynham,* 5 Hum., 386. The motion is made after the plaintiff has filed his declaration against the defendants "who are in court by summons." And even without the latter clause, the word "defendants" would, in the declaration as in the motion, import only those served with process. In this view, the motion is made by parties properly brought into court to discontinue as to them because other persons sued with them in the writ have been dropped from the declaration, and the process has not been continued against such persons.

If the plaintiff permit a chasm in the proceedings to occur by failing to continue the process regularly from term to term until service on a sole defendant, it operates as a discontinuance of his suit, and the

defendant may move the court to enter the discontinuance: *Armstrong* v. *Harrison*, 1 Head, 379; *Slatton* v. *Jonson*, 4 Hayw., 197. The discontinuance will render subsequent proceedings erroneous, if the defendant do not appear and make defense: *Jones* v. *Sewell*, 4 Cold., 236. The same is true, where there has been a discontinuance as to one of several defendants, so far as that defendant is concerned: *Dougherty* v. *Shown*, 1 Heis., 302; *Maxwell* v. *Lea*, 6 Heis., 247. But the discontinuance as to one of several defendants does not, of itself, avoid the proceedings as to other parties properly served: *Moon* v. *Harmon*, 4 Yer., 21.

If the plaintiff declare against all the defendants mentioned in the summons, it is error to proceed to judgment against one of the defendants without disposing of the case as to all, for the obvious reason that there ought to be only one trial and one judgment: *Greer* v. *Miller*, 2 Tenn., 187; *Hutchins* v. *Sims*, 7 Hum., 236. And this, it seems, even where the process has not been served upon the parties omitted from the judgment: *Young* v. *Stringer*, 5 Hayw., 30. If the plaintiff declare against only a part of the defendants in the writ, whether they be served with process or not, there is no error in proceeding to judgment against those mentioned in the declaration. Under the old practice, the objection could only be taken by special demurrer for the variance: *Payton* v. *Trigg*, 4 Hayw., 250. Or, perhaps, by plea in abatement: *Johnson* v. *Planters Bank*, 1 Hum., 77. And even if the objection could have been taken by motion, the motion would have been,

not to enter a discontinuance, but to abate the suit. for the variance between the writ and the declaration. And inasmuch as the plaintiff might have dismissed his suit as to the parties not served at any time before plea filed, the variance could have been readily cured: *Boyd* v. *Baynham*, 5 Hum., 386. Under our present statute law, the plaintiff may dismiss his action, whether it be in contract or tort, as to any one or more of the defendants, and at any stage of the cause, without prejudice to his right to proceed against the others: Code, secs. 2790, 2964, 4246; *Garrison* v. *Hollins*, 2 Lea, 684. And by the existing statutes of jeofail, which not only permit amendments at any stage of a cause, but prohibit all demurrers, motions in arrest of judgment, and writs of error for matters of form, and the abatement of any summons, pleading or other proceeding in a civil action for any defect, omission, or imperfection, the dropping of defendants in the declaration would be treated as an informal *nolle prosequi*, and the variance would be disregarded: *Miller* v. *Koger*, 9 Hum., 231; Code, secs. 2863, 2865, 2866, 2867, 2869.

Reverse the judgment, and remand for further proceedings.