No. 15,822.

## THOMPSON v. THOMPSON.

DIVORCE.—*Effect of Decree on Wife's Right to Husband's Real Estate.*—*Third Parties.*—A decree in divorce settles all property rights between husband and wife, but not between her and third parties.

SAME.—*Conveyance by Wife under Coercion or Ignorance.*—*Suit after Divorce to Set Aside.*—In 1883 a wife through coercion and under mistake joined in the execution of a deed conveying certain real estate of her own, and thereafter continued to live with him without fear or constraint, until 1887, when she obtained a divorce from him for cruelty. During the period between the date of the conveyance and date of the divorce, she lived and cohabited with her husband without fear or constraint, and had by him two children, but never made any complaint or inquiry concerning the deed until after the trial of the divorce case. In the divorce case the husband filed an answer alleging that she had received from him certain real estate and personal property which was to be in full of all interest and claim she had in all property then or thereafter owned by both of them, and in full of alimony. After the divorce the grantee of the lands conveyed them to the husband, and she then brought suit to quiet title thereto and to cancel the deed.

*Held,* that she could maintain the action.

*Held,* that the facts stated did not show a ratification.

*Held,* that she was not bound to bring an action to quiet title and to cancel the deed while she was cohabiting with her husband.

*Held,* also, that the answer in the divorce case did not raise an issue; that the parties had no power to make a valid contract concerning alimony, and that she was not bound by the decree so far as the land in controversy was concerned.

SAME.—*Contract Concerning Alimony.*—Husband and wife have no power to enter into a contract concerning alimony in a prospective divorce proceeding.

From the Porter Circuit Court.

*A. J. Gould* and *A. L. Jones,* for appellant.

*G. W. Beeman, T. J. Thompson* and *H. R. Robbins,* for appellee.

OLDS, J.—This is an action by the appellant originally commenced in the Starke Circuit Court against the appellee, Thomas J. Thompson, and one Charles J. Thompson. The complaint is in two paragraphs. The first is to quiet

title, and the second is to set aside a deed to said Charles J. Thompson for said real estate, executed by the appellant under duress and coercion of her husband. The real estate is situate in Starke county. The said Charles J. Thompson, after the conveyance to him, conveyed the real estate to the appellee. The title to some of the real estate was held by the appellant in her own right and some of it held by her as a tenant in common with her husband.

Issues were joined, and there was a trial had. On proper request the court found the facts and stated its conclusions of law.

The appellant excepted to the conclusions of law, and the error assigned is that the court erred in its conclusions of law.

The facts found by the court are substantially as follows:

That on the 3d day of October, 1883, and for ten years prior thereto, the appellant and appellee were husband and wife; that on said day appellant owned the real estate as heretofore stated, part in her own right and part as a tenant in common with her husband.

That on said 3d day of October, 1883, the plaintiff and defendant executed a quitclaim deed conveying all of said lands to one Charles J. Thompson, a son of appellee, by a former marriage; which deed was recorded in the office of the recorder of Starke county, on the 19th day of July, 1886. That said deed was so executed by appellant under coercion and duress of her husband, the appellee, and without any consideration whatever, and was intended by the appellee to raise a trust in favor of himself. That on the 19th day of November, 1886, the said Charles J. Thompson conveyed all of said lands to the appellee, Thomas J. Thompson, by a deed which was recorded in the office of the recorder of said Starke county

since the last term of the Porter Circuit Court, except the piece in section 28, which was on said 19th day of November, 1886, conveyed by said Charles J. Thompson, at the request of appellee, to one J. R. Thompson, by deed dated on that day.

That at the time of the execution of said deed by appellant and appellee to the said Charles J. Thompson, the appellant knew it was a deed and acknowledged it as such, but was ignorant of the contents thereof, and was unable to read the same; that appellee at the time told appellant that the grantee named in said deed was a person residing in Fort Wayne, Indiana, with whom appellee was trading for property at Fort Wayne, and that appellant did not know that the said Charles J. Thompson was the grantee therein, nor the contents of said deed, until the afternoon of the day on which the action for divorce, hereinafter mentioned, was tried, and after the trial thereof.

That at the date of the marriage of appellant and appellee, the appellant was the owner of a farm and other real estate in Starke county, the management and control of which the appellee at once assumed, and appellee continued to control and manage the lands of the appellant as well as that owned by her at the time of their marriage, as that subsequently acquired by her up to the time of the commencement of the divorce suit hereinafter mentioned. That after the execution of said deed to the said Charles J. Thompson the appellant continued to live and cohabit with the appellee without fear or constraint until about the time of the commencement of her divorce suit, and during said time had by him two children, but never made any complaint or inquiry as to the said deed until after the trial of the divorce case, and did not commence any suit in that behalf until the commencement of this suit on the 8th day of August, 1887.

That at the time of such divorce the appellant was the owner of divers other pieces of real estate in said Starke

county, and since such divorce has sold and conveyed several pieces thereof, of the value of several hundred dollars.

That on the 12th day of October, 1886, the appellant commenced an action against the appellee in the Starke Circuit Court for divorce. That on the 13th day of October, 1886, the appellee appeared to said action.

The complaint charged cruel treatment, and asked the custody of their seven children born to them during their marriage. The appellee answered by denial and further answering alleged that he had given to the appellant certain real estate and personal property which was to be in full of all interest and claim she has in all property then or thereafter owned by each, either or both, and in full of alimony.

The cause was submitted to the court for trial on said 13th day of October, 1886, resulting in a decree of divorce in favor of the appellant and a judgment in her favor for $200 alimony.

The court stated as conclusions of law :

*First.* That appellant ratified said deed to Charles J. Thompson by her after conduct.

*Second.* That said suit and judgment for divorce and alimony was and operates as an adjudication of all the matters complained of in this suit and herein found, and by reason thereof the appellant is estopped to deny said deed and has no right or title in or to any of said land, and rendered judgment for the appellee.

It is insisted by counsel for the appellee that the questions in this case were involved in the suit for divorce, and that all the property rights between the husband and wife were settled by the decree in that case, and that not only what was in fact litigated, but what might have been litigated, is settled by that adjudication. We are fully aware of the rule stated by counsel, but we do not think this case comes within the broadest doctrine of the rule.

The facts found show that the appellant was by coercion

and duress compelled by her husband to execute a deed for her individual real estate conveying the same to a son of the husband by a former marriage; that the conveyance was without any consideration whatever; that the appellant did not know the contents of the deed or who was named as grantee until after the disposition of the divorce case. The title to the land conveyed remained in the grantee, Charles J. Thompson, until some time after the divorce was granted.

From the time of the making of the deed tó the time the land was reconveyed the wife might, at any time, have brought an action against Charles J. Thompson, the grantee, to have the deed cancelled and to quiet her title. This right of action existed in the wife against the grantee at the time of the divorce proceedings. The divorce proceedings settled all property rights between her and her husband, but not between her and third parties. The husband did not, at the time of the divorce nor at any other time prior thereto, own the land. The wife, by coercion, had been compelled to part with the legal title, but she still owned the equitable title to the land.

It is found as a fact that it was intended by the appellee to create a trust in his favor, but such conveyance did not create any trust, and the wife's rights could'.not be affected by such secret intention on the part of the husband, who compelled her to sign the deed against her will. Nor was there any ratification of the deed. The husband compelled the wife to make the deed. All she did afterwards was to live with him as a dutiful wife for some three years. The fact that she said or did nothing about the matter for that length of time can not be said to be a ratification. It is quite probable that the very reason she kept quiet was to have peace in the household, for the comfort and benefit of herself and family. All that it appears she did was to keep silent about a wrong and an injury done to her by her husband

in compelling her to part with her property. Certainly the husband ought not to profit by such kindness on the part of the wife. *Koons* v. *Blanton,* 129 Ind. 383. The action is not barred by limitation, and no rights of innocent parties have intervened.

The right of action existed against Charles J. Thompson at the time of the divorce proceedings, and since that time he has conveyed the land to his father, the appellee. When the appellee received title to the land, he having full knowledge of the facts and himself being the person compelling the conveyance, the appellant then had a right of action against him.

It is suggested that the second paragraph of the answer in the divorce case put the questions here involved in issue. The answer in the divorce suit amounted to nothing. The parties had no power to make any valid contract relating to alimony. It answered no allegations of the complaint. The things therein stated may have been proper for the court to consider in fixing the amount of alimony, but this the court could do as well without such an answer as with it. As we have said, the decree settled the property rights of the parties to the suit existing at the time, but it did not cancel any right of action existing in favor of the wife against third parties. Suppose Charles J. Thompson had not reconveyed the land to his father after the granting of the divorce, under such a state of facts there can be no doubt that the appellant could have maintained an action against him to set aside the deed, and quiet her title to the land. This right could not be taken from her by a conveyance of the land to her divorced husband.

The court erred in its conclusions of law.

On the facts found the appellant was entitled to have the deeds set aside and to a decree granting her title to the land.

Judgment reversed, with instructions to the court be-

low to restate its conclusions of law in accordance with this opinion, and to render the proper judgment in favor of the appellant.

Filed June 11, 1892; petition for a rehearing overruled Oct. 5, 1892.