ELLA S. RICHARDSON v. ELIZABETH A. RICHARDSON, Appellant.

**Counterclaim.**  Any new matter constituting a cause of action may be pleaded as a counterclaim against a demand on a promissory note.

**Judgments:** SERVICE UPON NON-RESIDENT.  Service upon a non-resident made outside the State will not render the party a defendant in the case and does not confer jurisdiction to enter a personal judgment against him.

**Counterclaim:** LIMITATIONS.  A counterclaim may be pleaded as a defense to an action although barred, if it was the property of the party pleading it at the time it became barred and was not barred at the time the claim sued on originated.

**Fraud:** VOLUNTARY CONVEYANCE: PROOF.  Where a voluntary conveyance operates as a fraud upon creditors it is not necessary to allege and prove fraud on the part of the grantee.

*Appeal from Dubuque District Court*— HON. M. C. MATTHEWS, Judge.

THURSDAY, MAY 9, 1907.

SUIT at law on a nonnegotiable promissory note, dated February 10, 1900, signed by C. S. Richardson, and guaranteed by Elizabeth A. Richardson.   Elizabeth A. Richardson pleaded an equitable counterclaim, to which a demurrer was interposed and sustained.   She appeals from a judgment against her on the pleadings.— *Reversed.*

*Hurd, Lenahan & Kiesel,* for appellant.

*W. S. Wright,* for appellee.

SHERWIN, J.— The appellant's counterclaim was an equitable one, based on the allegations that in February, 1900, she became the owner of a judgment against one George W. Richardson, the plaintiff's husband, for some $2,200 which was rendered October 22, 1898; that said judgment was based on indebtedness against said George W. Richardson which accrued in June, 1896, and June, 1897, and in May and June, 1898; that in October, 1896, and in March, 1898, said George W. Richardson, without consideration, and in fraud of his creditors, conveyed to his wife, the plaintiff herein, all of his property both real and personal.   The

plaintiff herein sold and transferred the property so conveyed, and transferred to her by her said husband, and appropriated the proceeds to her own use; that the property so conveyed by George W. Richardson comprised all of his property, and the conveyance left him wholly without means with which to pay the indebtedness represented by the judgment on which the appellant's counterclaim is based or from which it could be collected, thus leaving her without remedy at law to collect the same. She prayed that the plaintiff be denied recovery, that the transfer from George W. Richardson to the plaintiff be declared void, that the plaintiff be required to account for the proceeds of said property, and that said proceeds be applied in satisfaction of the judgment against George W. Richardson. The plaintiff demurred to the counterclaim, on the general ground that it did not state facts sufficient to constitute a defense or cause of action, and, specifically, because the counterclaim did not constitute a cause of action arising out of the contract or transaction set forth in the petition, and, further, because the counterclaim did not constitute a cause of action in favor of both of the defendants against the plaintiff; further, because the action of the plaintiff is based upon a promissory note against two defendants — one the principal and the other the surety on the note — and the counterclaim is based on an indebtedness due only to the surety on the note. The counterclaim shows that the cause of action therein set forth accrued more than five years prior to the commencement of this action, and is therefore barred by the statute of limitations. The demurrer was sustained, and the appellant having elected to stand on her answer and counterclaim, judgment was rendered against her on the note.

The general grounds of the demurrer are not discussed by counsel for either side, and hence they will be disregarded by us in disposing of the case, and we will turn our attention to the fourth ground of the demurrer. Code, section 3570, provides

1. COUNTER-CLAIM.

that each counterclaim must be stated in a distinct count or division, and must be (subdivision 3): " Any new matter constituting a cause of action in favor of the defendant, or all of the defendants if more than one, against the plaintiff, or all of the plaintiffs if more than one, and which the defendant or defendants might have brought when suit was commenced, or which was then held either matured or not, if matured when so pleaded." It is apparent from the reading of this statute that there is no merit in this ground of the plaintiff's demurrer. This subdivision of section 3570 expressly provides that any new matter constituting a cause of action may be pleaded as a counterclaim against the demand of the plaintiff. The appellee evidently has confused this subdivision with the preceding one, which permits counterclaims arising out of the contracts or transactions set forth in the petition, but the appellant makes no such claim, and the demurrer as to this branch of the pleading is clearly not good.

While the note was signed by C. S. Richardson, and he was named as a defendant in the pleading, it is conclusively shown that he was a nonresident of this State at the time this suit was brought, and that the only service on him of notice of suit was made in the State of Nebraska. He was therefore not a defendant in the case within the legal definition of said word. 1 Bouvier, 495; *Brower v. Nellis,* 6 Ind. App. 323 (33 N. E. 672); *Jewett Car Co. v. Kirkpatrick Const. Co.* (C. C.), 107 Fed. 622; *Neal v. Singleton,* 26 Ark. 491; *Pollard v. Houston,* 75 Tenn. 689. The service of notice upon him in the State of Nebraska conferred no jurisdiction upon the trial court to render a personal judgment against him, and he was therefore not before the court as a defendant in the case. Code, sections 3514, 3527; *Weil v. Lowenthal,* 10 Iowa, 575; *Darrance v. Preston,* 18 Iowa, 396.

2. JUDGMENTS: service upon non-resident.

What we have already said disposes of the appellee's contention that the surety on the note in suit cannot inter-

pose the counterclaim in question because not arising in, or
being in any way connected with, the trans-

**3. Counter-
claim: lim-
itations.**

action in which the promissory note was
given. Code, section 3457, provides as follows: " A
counterclaim may be pleaded as a defense to any cause of
action notwithstanding it is barred by the provisions of
this chapter, if it was the property of the party pleading it
at the time it became barred, and was not barred at the time
the claim sued on originated, but no judgment thereon ex-
cept for costs can be rendered in favor of the party so plead-
ing it." The record conclusively shows that the appellant
had owned the claims set out in the pleading for some time
when they became barred, and that they did not become
barred until after the claim sued on originated. The de-
murrer, so far as it involved the statute of limitations,
should have been overruled.

But one other point need be noticed; the counterclaim
did not allege that the conveyances from George W. Rich-
ardson to the plaintiff were taken by her with fraudulent
intent. Such an allegation was not neces-

**4. Fraud: vol-
untary con-
veyance:
proof.**

sary, however. The counterclaim did plead
that the conveyances to the plaintiff were
without consideration and therefore voluntary, and, for
the purposes of the demurrer, such allegations must be taken
as true. It is the settled rule of this State that where a
voluntary conveyance operates as a fraud upon creditors, it
is not necessary to allege and prove fraud on the part of the
vendee. If the conveyance is without consideration, and
made at a time when the grantor is insolvent and in debt,
the conveyance is presumptively fraudulent. *Triplett v.
Graham,* 58 Iowa, 135; *Gaar v. Hart,* 77 Iowa, 597.

The demurrer was improperly sustained, and the judg-
ment must be, and it is, *reversed.*