VENUS COLE, Appellant, v. THOMAS H. COLE AND GEORGE COLE.

**Replevin:** NATURE OF ACTION. In an action by a divorced wife against her husband for the replevin of household goods on the ground of absolute ownership, the answer alleging that the property was acquired by them jointly, and that the right of the wife to the property was adjudicated in the divorce action, raises a law issue and the cause should not be transferred to equity.

**Same:** PRIOR ADJUDICATION. Where a decree of divorce and alimony does not undertake to dispose of all the articles of personal property in possession of the parties at the time of separation, it is not conclusive of the right of the wife to possession of such articles as she may be able to show belong to her, either by descent, gift or purchase from her separate means, and she may maintain replevin against her divorced husband for their possession, which should be awarded in a law action.

*Appeal from Dallas District Court.*—HON. JAMES D. GAMBLE, Judge.

FRIDAY, OCTOBER 23, 1908.

ACTION in replevin for recovery of household furniture of the alleged aggregate value of $473.25. The defense was a denial of ownership and a plea of former adjudication. The cause was transferred to the equity side of the calendar, and upon hearing the petition dismissed. The plaintiff appeals.—*Reversed.*

*Shortley & Kelly,* for appellant.

*White & Clarke,* for appellees.

LADD, C. J.—The petition is in the usual form, and alleges absolute and unqualified ownership in the plaintiff of a large number of articles of household furniture, pictures, books, and the like. The defense interposed was a general denial and a plea that the defendant, Thomas Cole, and plaintiff, were married March 17, 1881, and had lived together as husband and wife until shortly prior to February 4, 1907, when she left him, and on that day brought a suit for divorce, in which a decree was entered April 10, 1907, wherein all the property rights of the parties were fully adjudicated, including the right to the property in controversy. This answer was assailed by motion on several grounds, none of which involved the sufficiency of the plea in bar or the merits of the action.

Upon motion of the defendant the cause was transferred to the equity side of the calendar and there heard. This was error. No claim was made to the property because of any change in the short time since the entry of the decree, as suggested by counsel, nor to the property as a part

1. REPLEVIN: nature of action.

of the accumulations of the parties during coverture. On the contrary, plaintiff alleged unqualified ownership, and the defendant's allegation that it was acquired jointly, or purchased from the proceeds of the farm, did no more than to negative the averment of absolute ownership contained in the petition. The plea that the right to the property had been adjudicated in the award of alimony manifestly was an issue to be determined at law, and not in chancery. Nor was the error without prejudice, for the evidence introduced did not establish conclusively that the rights of the parties to all of this property had been adjudicated in the divorce proceedings.

In her petition therein the plaintiff alleged that she was the owner of certain "land in Dallas County, of the value of $2,500, but that the defendant has received the rent therefrom all the time prior hereto, and that plaintiff has no other means of any kind or character; that defendant is possessed of one hundred and twenty acres of land in Dallas County, Iowa, of the value of $12,000 to $15,000, and is also possessed of nine acres of timber land in Dallas County, Iowa, of the value of about $500, and is further possessed of a house and lot in Woodward, Iowa, of the value of $1,500, and is possessed of one hundred and sixty acres of land in McLain County, S. D., of the reasonable value of $3,000, and has, as this plaintiff believes, money and credits, the nature and amount of which plaintiff is unable to state." She demanded as alimony $10,000. The decree awarded her forty acres of land, in addition to the thirty-five acres then owned by her, and required the defendant to pay her out of his property the sum of $500. Aside from this, title to individual property was left as before the decree was entered. If then owned by plaintiff, title continued in her. If this is not so, what became of the property not specifically mentioned?

2. SAME: prior adjudication.

As to the power of the court we are not now concerned; but see *Cizek v. Cizek,* 69 Neb. 797 (96 N. W. 657, 99 N. W. 28), 5 Am. & Eng. Ann. Cas. 469, and note. The inquiry is, not what the court might have done, had the issues been different, but what it did do; and, as it did not undertake to point out the individual articles of each spouse, each is entitled to the possession of his or her own. See *Webster v. Webster,* 58 Me. 139 (4 Am. Rep. 253); *Glaze v. Citizens' Nat. Bank,* 116 Ind. 492 (18 N. E. 450); *Thompson v. Thompson,* 132 Ind. 288 (31 N. E. 529). The wife is permitted in this State to "own in her own right real and personal property acquired by descent, gift or purchase, and to manage, sell and convey the same and dispose thereof by will to the same extent and in the same manner the husband can property belonging to him." Section 3153, Code. The evidence tended to show that several of the articles had been given to plaintiff, and that others had been purchased by her with money she had earned prior to marriage. Some others were purchased under circumstances showing the husband the owner. The issue should have been tried at law, and plaintiff awarded possession of such articles as she owned individually prior to the entry of the decree of divorce.—*Reversed.*