M. M. ROBERTS v. ELLORA PLAYLE, Appellee; R. VANDER PLOEG, Appellant.

**Divorce:** DISPOSITION OF PROPERTY: CONVEYANCE OF HOMESTEAD. Property rights of husband and wife not otherwise settled must be settled by a decree of divorce; and where the title to land is left undisturbed by the decree it in effect adjudges it in the party who holds the title. And under the statute providing that the homestead shall continue to the party to whom it is adjudged by a decree of divorce the same remains the homestead of a divorced wife so long as she continues to occupy it, and she has power to mortgage and sell the same.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

TUESDAY, FEBRUARY 14, 1911.

ACTION to foreclose real estate mortgages. Vander Ploeg intervened, claiming a superior lien on the premises. Judgment for the plaintiff. The intervener appeals. *Affirmed.*

*W. G. Vander Ploeg* and *Irving C. Johnson,* for appellant.

*Frank T. Nash* and *John F. & Wm. R. Lacey,* for appellees.

SHERWIN, C. J.—Prior to March, 1908, the appellee, Ellora Playle, was the wife of William Hinson, and together they occupied the property in question as a homestead. They had no children and she owned the property. In February, 1907, the intervener obtained a judgment

against Ellora Playle. In March, 1908, Ellora Playle was divorced from her husband, and in that decree she was adjudged to be the owner of the property that had been occupied by them as a homestead, and the title thereto was quieted in her. After the divorce, she continued to occupy the premises, and executed the mortgages on which this suit was brought by the plaintiff.

The only question properly before us for determination is whether, after her divorce, Ellora Playle had a homestead right in this property. If she had, the judgment of the district court is right. Section 2973 of the Code provides as follows: "A widow or widower, though without children, shall be deemed a family within the meaning of this chapter, while continuing to occupy the real estate used as a homestead at the death of the husband or wife, and such right shall continue to the party to whom it is adjudged in a decree of divorce, during personal occupancy." The appellant concedes that if William Hinson had been the owner of the property and it had been adjudged to Ellora Playle in the decree of divorce, she could maintain her homestead right thereto. But it is contended that as she was the owner of the property when the divorce was granted, she does not come within the provisions continuing the homestead right to the party to whom the property is adjudged in the decree of divorce. The clear intent of the statute is to continue the homestead right to whichever party is finally found to be entitled to the property. In divorce proceedings, property rights that have not been otherwise settled must, of necessity, be settled by the decree, and it can make no difference where the title rests. If the title is left undisturbed, it is, in effect, adjudged in the party who holds it. In other words, property rights are settled and adjudged in a divorce decree whenever the parties own property. It would be singular if the Legislature intended to preserve homestead rights only when the title was trans-

ferred from one party to the other by the decree. There
would be neither rime nor reason in so providing, for it
would destroy the very purpose of all homestead statutes.
As more or less in point, see *Woods v. Davis,* 34 Iowa,
264; *Clemans v. Penfield,* 111 Iowa, 515; *Fox v. Bank,*
126 Iowa, 486. Nor do we think it was the intent to,
in any way, abridge the general homestead right, or to
deny to the owner thereof the right to sell or mortgage
the same. *Lamb v. Shays,* 14 Iowa, 567; *Cummings v.
Long,* 16 Iowa, 41.

We think the judgment right, and it is *affirmed.*