Mrs. Inga Ramsvig, Appellant, v. Joe Ersland, Appellee.

No. 47437.

(Reported in 38 N. W. 2d 127)

June 14, 1949.

Jaqua & Lovrien, of Humboldt, for appellant.

Garfield, Baker & Miller, of Humboldt, for appellee.

Hale, C. J.—Plaintiff brings suit on the balance due on a promissory note of defendant payable to Anna Svandahl and by her endorsed to plaintiff, dated October 1, 1944, and due October 1, 1945. The answer admits the execution of the note sued on, and sets up certain promissory notes of plaintiff as setoff and counterclaim. Plaintiff, by way of reply, alleges that the obligations set up in defendant's answer and counterclaim show on their face that they were over ten years past due and are barred.

Plaintiff further charges in her reply that the note sued upon by her, and plaintiff's interest in such note, was acquired

after the running of the statute upon both the notes pleaded as counterclaims by defendant against the note sued on by plaintiff; that at the time the statute of limitations ran against the notes claimed by defendant as setoffs, she, the plaintiff, held no claim or obligation against the defendant, but that defendant acquired those he claimed as setoffs after the statute ran against them.

Defendant filed a motion to strike from the reply and answer to counterclaim the allegations in regard to the statute of limitations as immaterial and conclusions for the reason that the note sued upon in plaintiff's petition originated October 1, 1944, and that the defendant's counterclaim shows on its face that the promissory note therein described was not barred before October 1, 1945, and that pursuant to Code section 614.12 (1946) the same constitutes a defense to plaintiff's cause of action to the extent of the amount owing thereon as set out in defendant's counterclaim. Defendant's motion to strike was sustained by the court. The case was submitted to the court on an agreed statement of facts.

The court found that the defendant had a cause of action against the plaintiff as a counterclaim, and that said cause of action thereon became barred, but that the same was not barred at the time the claim sued upon by the plaintiff originated; that the defendant is not entitled to any judgment against the plaintiff, except for costs; that he is entitled to have his claim against the plaintiff set off against the plaintiff's claim against the defendant, and that there are no sums due the plaintiff from the defendant as a result of said setoff or counterclaim. The court found that the defendant, Ersland, is indebted to the plaintiff, Mrs. Ramsvig, on the promissory note hereinbefore described in the sum of $638.35, and that the plaintiff is indebted to the defendant on account of the promissory notes pleaded by him in the amount of $954.87, but that any original action by the defendant against the plaintiff is barred under the terms and provisions of section 614.1, paragraph 6, of the 1946 Code of Iowa, and no judgment was entered for those amounts, except for costs.

Only one error is assigned by the plaintiff; that the court

erred in sustaining defendant's motion to strike and in entering judgment for the defendant and allowing a setoff to the defendant. The controversy is solely about the construction of section 614.12 of the 1946 Code, which is as follows:

"Counterclaim. A counterclaim may be pleaded as a defense to any cause of action, notwithstanding it is barred by the provisions of this chapter, if it was the property of the party pleading it at the time it became barred, and was not barred at the time the claim sued on originated; but no judgment thereon, except for costs, can be rendered in favor of the party so pleading it."

It will be noticed that this section of the Code permits a claim barred by the statute of limitations to be set up as a defense when it meets two provisions of the statute—first, if it was the property of the party pleading it at the time it became barred by limitation, and second, if it was not barred at the time the claim sued on by plaintiff originated. Plaintiff concedes that the first qualification is met, that the counterclaim pleaded by defendant was the property of the defendant when it became barred, but the plaintiff claims that the defendant's counterclaim was barred at the time the claim sued on originated. Defendant argues that the note or notes which were pleaded as counterclaims were not barred at the time the claim of Mrs. Ramsvig originated (that is, the note dated in 1944). She, however, asserts that her claim originated at the time she acquired her interest in the note sued on.

The only question involved in the controversy then narrows down to the meaning under the statute of the word "originated"; plaintiff's contention being that the claim of plaintiff "originated" at the time that plaintiff acquired her interest in the note; defendant arguing that the word "originated" means the time of the execution of the note.

Plaintiff contends that in this case, while not denying that the obligation of the defendant to pay the note sued on was in existence from the time of the execution of that note until a transfer and assignment of the note by the original payee was made to the plaintiff she had no interest in the note or claim against the defendant and therefore her claim against the de-

fendant originated when the payee of the note assigned and transferred the note to the plaintiff. She argues that until she acquired the Svandahl note there was no obligation on that note to the plaintiff from the defendant; that the obligation arose and became active after that time, and plaintiff argues, that it originated at the time the promissory note became her property. We are unable to see the force of this argument.

When the defendant Ersland signed the $5000 note, of which Mrs. Ramsvig's claim against him was a part, he contracted a liability. That liability was to whomsoever should be the owner of the note at the time when due or when paid. From this liability on that note which the defendant then signed, the statute of limitations was for him a statute of repose, and a lapse of time would relieve him from that obligation no matter in whose hands it might be. The note itself originated when it was signed. We think it could not, by any interpretation, mean that it originated merely when it changed hands from the original owner to a subsequent owner or owners. No matter in whose hands it finally landed it still was an obligation of the defendant as it was from its issuance.

Plaintiff quotes various definitions of the word "originate." No definition of the word can mean anything more than "the beginning" or its "origin." The paper upon which a note is printed or written is not a note or obligation until it is signed; hence, it must originate then, and that has been the holding of this court. See Short v. Anderson, 233 Iowa 238, 8 N. W. 2d 740; Stuff v. Stuff, 219 Iowa 869, 259 N. W. 924; Matthys v. Donelson, 179 Iowa 1111, 160 N. W. 944; Richardson v. Richardson, 134 Iowa 242, 111 N. W. 934, all holding that a claim originates at the time when the note is issued.

Plaintiff had no claim against the defendant while she was not the owner of the note sued on, but it could not be asserted that there was no claim against the defendant on the note at that time simply because the note was not in her possession, but the claim or liability on the note was in existence and had originated before May 11, 1945, ten years after the date of renewal of the note by chattel mortgage. It can make no difference to the defendant's obligation on the note just what person holds that obli-

gation, but the rule embodied in the statute is to cover cases where parties are mutually indebted to each other so that one could not have the advantage of the statute of repose, and bar the other who is just as much entitled to receive the benefits of that statute.

We are satisfied that the court correctly ruled and that such ruling was fair and in accordance with the obvious intent of the statute. The cause is affirmed.—Affirmed.

OLIVER, BLISS, SMITH, WENNERSTRUM, MULRONEY, and HAYS, JJ., concur.

GARFIELD, J., takes no part.

MANTZ, J., not sitting.