Anthony J. PROCHELO, Appellee,

v.

Anna Mae PROCHELO, a/k/a Anna Mae Mahr, Appellant.

No. 83–648.

Supreme Court of Iowa.

April 11, 1984.

ment collected from him. Anthony and defendant (Anna Mae) were formerly married to each other. The judgment was on an unsecured note they had jointly executed. The trial court found for the plaintiff. We reverse and remand.

During their marriage the parties owned and operated a restaurant. Title was in Anna Mae's name; Anthony ran the business. They co-signed two promissory notes, the money for which was used to improve and remodel the restaurant.

. The marriage was dissolved by a decree which incorporated a stipulation of the parties. Anna Mae was awarded custody of six minor children. It was stipulated that Anthony have no visitation rights "except those allowed by [Anna Mae] within her sole discretion." The stipulation then provided as follows:

> It is understood and agreed between the parties that one of the [six] children, Peter, is permanently, mentally retarded and will always require special care and attention and will be a dependent throughout his whole life and cannot be emancipated. It is agreed and understood in the event Peter should require extraordinary services due to his condition, institutionalization, or hospitalization, that it shall be a change in circumstance and that plaintiff be required to provide additional sums for his support as the circumstances may demand.
>
> *It is agreed and understood that plaintiff's present financial situation is such that he is unable to pay adequate child support for their [six] children, therefore the defendant agrees to accept $200.00 per month child support based on plaintiff's present circumstances, but not conditioned on the number of dependent children.* [Emphasis added.]

Anna Mae was given the restaurant property but the stipulation and decree were silent on the parties' respective obligations under the two notes.

Prior to the dissolution the guarantor of one of the notes brought suit on the note against Anna Mae and Anthony. After the

Wilford M. Forker and Paul A. Mahr, Sioux City, for appellant.

W.J. Giles, III, Sioux City, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON, and CARTER, JJ.

HARRIS, Justice.

Anthony Prochelo (Anthony) brought this action at law seeking either indemnity or contribution for the amount of a judg-

dissolution that note was assigned to Anna Mae's mother and she substituted herself as plaintiff in the guarantor's suit. Anna Mae's mother eventually obtained a judgment on the note against Anthony after dismissing the suit against Anna Mae. The judgment and costs were thereafter collected from Anthony. Anna Mae had previously paid off the other note after the parties were separated.

Anthony brought this suit seeking either indemnity or contribution for the amount of judgment and the costs collected from him. Anna Mae counterclaimed, seeking either indemnity or contribution for the amount she paid on the other note. Anna Mae also asserted that she signed both notes only as an accommodation maker.

At trial both parties testified and introduced a number of exhibits concerning Anna Mae's operation of the restaurant before and after the dissolution. The property had by then been sold at a modest profit. Anthony testified that, in negotiations with Anna Mae prior to the dissolution, she agreed to accept the assets and to assume the liability for the restaurant. Anna Mae denied making any such agreement.

On the theory that the notes were a part of the business which Anna Mae was awarded, the trial court concluded that Anna Mae alone was liable on the note collected from Anthony. On the same theory it concluded she alone was liable on the note she paid. The trial court also ruled that Anna Mae's counterclaim was barred by the statute of limitations. Accordingly the trial court ruled for Anthony on his claim and dismissed Anna Mae's counterclaim.

■ I. Ordinarily, a dissolution decree settles all property rights and interests of the parties. *Walker v. Walker*, 203 N.W.2d 320, 322 (Iowa 1972); *Carr v. Carr*, 185 Iowa 1205, 1211, 171 N.W. 785, 787 (1919). In the context of a modification proceeding, the property division, including allocation of marital debts, of a decree is not subject to change in the absence of

extraordinary grounds. *In re Marriage of Johnson*, 299 N.W.2d 466, 467 (Iowa 1980).

As mentioned, Anthony brought this action at law. The court was not asked to modify the decree; it was merely asked to determine the decree's effect. Specifically, the court was asked to determine the effect of the decree on the right of each party to indemnity or contribution for their respective payment of the two notes. Because the decree is silent regarding who was responsible for payment on the notes, Anna Mae argues the decree has no effect. Anthony, on the other hand, asserts the effect of the decree must be determined in accordance with the rules regarding interpretation of ambiguous judgments, or ambiguous contracts between parties.

■ In *Roberts v. Playle*, 150 Iowa 279, 280, 129 N.W. 945, 946 (1911), we said:

> In divorce proceedings, property rights that have not been otherwise settled must, of necessity, be settled by the decree, and it can make no difference where the title rests. If the title is left undisturbed, it is, in effect, adjudged in the party who holds it. In other words, property rights are settled and adjudged in a divorce decree whenever the parties own property.

*See also Cooper v. Olson*, 170 Iowa 141, 147–48, 150 N.W. 1028, 1030–31 (1915); *Cole v. Cole*, 139 Iowa 609, 611–12, 117 N.W. 988, 988 (1908). Anna Mae thinks we should apply this rule when a decree is silent regarding the allocation of debts. In other words, she wants us to hold that silence of the decree means the divorce did not change the liability of the parties to each other as co-makers of the notes. Under the circumstances here, we accept her invitation.

■ We note paranthetically that it was inappropriate to consider evidence of the parties' private intentions regarding their stipulation. Although a property settlement agreement is a contract between the parties to a dissolution proceeding, it does not become a final contract until it is accepted and approved by the court. *Travelers Indemnity Co. v. Cormaney*, 258

Iowa 237, 243–44, 138 N.W.2d 50, 54–55 (1965). When the stipulation is merged in the dissolution decree, it is interpreted and enforced as a final judgment of the court, not as a separate contract between the parties. This was explained in *Bowman v. Bennett,* 250 N.W.2d 47, 50 (Iowa 1977):

> In accord with request made by the parties ... an executed copy of the stipulation was attached to and by reference made a part of the decree as though set forth therein verbatim. Thus the stipulation became a part of the official record. This means, absent any expression in the stipulation to the contrary, it merged in and constituted an operable part of the decree, even though embodied therein by reference. [Authorities.]
>
> Consequently, the stipulation was superseded by the decree. Thus attendant rights or obligations were those imposed by the decree, not the stipulation, and enforceable as such. [Authorities.]

We accordingly set aside from our consideration the court's conclusions about the intent of the parties when entering the stipulation.

Looking to the decree itself, we note that it apparently imposed the responsibility on Anna Mae for payment of a $10,000 mortgage and various other debts. She had the sole responsibility for the care of six children, one of whom was retarded. The restaurant was not a guaranteed source of income and, according to the decree, had not been a success under Anna Mae's management at that time. We find nothing in the original decree indicating that Anna Mae would be solely responsible for the payment of the co-signed notes.

Under all the circumstances here, we conclude that the decree left the parties jointly liable on the two notes. Anthony was not entitled to indemnity for his payment of the judgment and the trial court erred in concluding otherwise.

■ II. In view of the trial court's conclusion, Anthony's claim for contribution was not made an issue on appeal. Because it may be important upon remand we point out that Anna Mae did file the counterclaim, previously mentioned, based on her payment of the second note. The counterclaim was not necessarily barred by the general statute of limitations. Iowa Code section 614.12 allows a counterclaim, otherwise barred by the passage of time, to be urged in defense unless barred when the plaintiff's claim originated. *See Ramsvig v. Ersland,* 240 Iowa 868, 870–71, 38 N.W.2d 127, 128 (1949) (claim on note "originates" at time it is signed).

The trial court believed the section did not apply because it found Anna Mae alone was liable for the second note also. Upon remand Anna Mae's counterclaim can be urged in defense of any claim by Anthony for contribution.

The judgment of the trial court is reversed and the case is remanded for further proceedings in conformance with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.