In re the MARRIAGE OF Maralee J. RUTER and Buryl V. Ruter.

Upon the Petition of Maralee J. Ruter, Petitioner–Appellee,

And Concerning

Buryl V. Ruter, Respondent–Appellant.

No. 95–2168.

Court of Appeals of Iowa.

March 28, 1997.

James L. Pray of Haroldson, Pray & Winjum, P.C., Johnston, and Earl W. Hill of Law Offices of Earl Hill, Britt, for respondent–appellant.

Reta Noblett–Feld and Douglas C. Pearce, II, Student Legal Intern, Iowa City, for petitioner–appellee.

Heard by CADY, P.J., and HUITINK, J., and SCHLEGEL, Senior Judge *.

HUITINK, Judge.

Respondent Buryl V. Ruter appeals the district court's order awarding his former wife Maralee a portion of his monthly IPERS retirement benefit. We reverse.

## I. Background Facts and Proceedings.

Buryl and Maralee Ruter were married in June 1952 and divorced in April 1980. The decree dissolving the Ruters' marriage incorporated the terms of a stipulation the Ruters submitted regarding division of their assets and liabilities. The stipulation included the following provisions relevant to the issues in this case:

2. The parties hereto acknowledge that division of personal property has been completed, and the parties are now in possession of those items which they are to separately retain, except that Respondent shall be awarded the snowblower and power washer, hand tools and power tools now located at the family residence.

. . . .

22. Both parties acknowledge that they have, to the best of their knowledge and belief, made disposition of all personal property; however, in the event there are items of personal property not disposed of by the terms hereof, such items shall be awarded as the parties may agree, and in the event of disagreement, same shall be submitted to the Court for disposition.

Maralee's financial statement filed in the original dissolution proceedings acknowledged Buryl's biweekly contribution to his IPERS account and the fact that he had an unknown accumulation of IPERS benefits. Buryl did not file a financial statement in the original dissolution proceedings. Neither the stipulation nor the decree incorporating it made specific reference to Buryl's IPERS account.

Maralee initiated these proceedings in December 1994 by filing an application to modify the April 1980 decree. Maralee's modification request sought an equitable division of IPERS benefits Buryl accumulated during their twenty-two year marriage. At the modification trial Maralee testified she discussed Buryl's IPERS benefits with her lawyer during settlement negotiations in 1980. She also testified she knew Buryl had accumulated benefits during the marriage and Buryl would receive benefits in some form after the divorce. Maralee cited three reasons for her failure to raise this issue earlier: (1) the cost of litigation; (2) her assumption that the resolution of the issue must await Buryl's retirement at age sixty-two; and (3) her assumption that the amount of the retirement benefits should be established before she made her demands.

Buryl testified he was sixty-one years old as of the modification trial. The record also indicates Buryl has received benefits since age fifty-five. The amount of Buryl's benefit is $496.25 per month.

The district court accepted Maralee's concession that she was not entitled to modification of the property division accomplished by the 1980 decree.[1] However, the court determined Buryl's IPERS benefits were personal property that escaped disposition in the 1980 decree. Maralee's application was accordingly treated as a request to resolve a dispute within the contemplation of paragraph twenty-two of the stipulation. The district court awarded Maralee $198.50 of Buryl's monthly IPERS retirement benefit.

On appeal, Buryl contends he was awarded his IPERS benefit in the 1980 decree, and it was error for the modification court to hold otherwise. Buryl also argues the modification court's ruling is based on erroneous interpretation of the terms of the Ruters'

---

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

1. Maralee conceded that the extraordinary circumstances permitting modification of the 1980 decree property division are not present in this case. See Iowa Code § 598.21(11) (Iowa Code § 598.21(1) property divisions are not subject to modification); see also Knipfer v. Knipfer, 259 Iowa 347, 356, 144 N.W.2d 140, 145 (1966) (statutory property division is not subject to modification in the absence of fraud, duress, coercion, mistake, or other grounds to set aside or change a decree).

stipulation. He alternatively argues the IPERS benefits were not personal property within the contemplation of paragraph two and twenty-two of the stipulation.

## II. Scope of Review.

In this equity action, our review is de novo. Iowa R.App. P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

## III. Interpretation and Effect of the 1980 Decree.

The resolution of the issues raised in this appeal requires an interpretation of the decree dissolving the Ruters' marriage. The applicable rules of interpretation are not disputed. Once a stipulation is merged in a decree "it is interpreted and enforced as a final judgment of the court, not as a separate contract between the parties." *Prochelo v. Prochelo,* 346 N.W.2d 527, 530 (Iowa 1984). The determining factor guiding our inquiry is the intent of the court as gathered from the decree and other proper evidence. *In re Marriage of Knott,* 331 N.W.2d 135, 137 (Iowa 1983) (citing *Bowman v. Bennett,* 250 N.W.2d 47, 50 (Iowa 1977)). Extrinsic evidence may be considered "not to show the language means something different than what is said in the instrument [decree] involved, but to show what is meant by what is said." *Peters v. Peters,* 214 N.W.2d 151, 157 (Iowa 1974). We are required to give effect to "that which is both expressed and implied." *Bowman,* 250 N.W.2d at 50. We also seek to give effect to the language of the entire decree in accordance with its commonly accepted and ordinary meaning. *Gendler Stone Products Co. v. Laub,* 179 N.W.2d 628, 630 (Iowa 1970).

▉ The provisions of the decree relevant to this dispute are those providing for the distribution of the Ruters' personal property. The inclusion of these provisions was consistent with the district court's statutory duty to make an equitable division of the parties' property. *See* Iowa Code § 598.21(1). The word property, for the purposes of section 598.21(1), "includes personal and real property." Iowa Code § 4.1(24). Similarly, "the words personal property include money, goods, chattels, evidences of debt, and things in action." Iowa Code § 4.1(21). IPERS benefits, like other pension benefits, represent a contractual right to future payment, and are a chose in action. *See In re Marriage of Bevers,* 326 N.W.2d 896, 900 (Iowa 1982). IPERS benefits are by this definition personal property. *See also Gunsaulis v. Tingler,* 218 N.W.2d 575, 578 (Iowa 1974) (IPERS death benefit is personal property).

▉ A dissolution court has jurisdiction to divide property belonging to either or both spouses at the time of the dissolution. *See In re Marriage of Klein,* 522 N.W.2d 625, 628 (Iowa App.1994). It is also well established that pension benefits although individually owned are treated as marital property subject to division. *In re Marriage of Wilson,* 449 N.W.2d 890, 892 (Iowa App.1989); *In re Marriage of Mott,* 444 N.W.2d 507, 510–511 (Iowa App.1989). Ordinarily, a dissolution decree settles all property rights and interests of the parties. *Prochelo,* 346 N.W.2d at 529. In *Prochelo,* the court stated:

In divorce proceedings, property rights that have not been otherwise settled must, of necessity, be settled by the decree, and it can make no difference where the title rests. If title is left undisturbed, it is, in effect, adjudged in the party who holds it. In other words, property rights are settled and are adjudged in a divorce decree whenever the parties own property.

*Id.* (quoting *Roberts v. Playle,* 150 Iowa 279, 280, 129 N.W. 945, 946 (1911)).

▉ The district court's conclusion that Buryl's IPERS benefits were not distributed by the 1980 decree clearly conflicts with the rule expressed in *Playle* and *Prochelo.* There is no dispute that Buryl owned IPERS benefits at the time the decree was entered. The absence of any specific reference to

these benefits left title to them undisturbed. As a result, Buryl was awarded his IPERS benefits by the 1980 decree and it was error for the district court to conclude otherwise.

This determination is consistent with our interpretation of the language used in the decree. We find the words "personal property" as used in paragraph two include Buryl's IPERS benefits. This interpretation fits with both the foregoing definition of personal property and the context in which the words were used. In the absence of any indication of a contrary intent, the dissolution court's adoption of this provision was the equivalent of a determination that the Ruters' completed property division included IPERS benefits.

Our resolution of this issue eliminates the need to interpret or determine the effect of paragraph twenty-two. It is sufficient to note the provisions of paragraph twenty-two are not implicated because Buryl's IPERS benefits are not "items of personal property not disposed of ..." by the 1980 decree.

### IV. Conclusion.

We hold, based upon our interpretation of the dissolution court's decree and its presumptive adjudication of the Ruters' property rights, that Buryl's IPERS benefits were awarded to him by the 1980 decree. This determination precludes either their subsequent division by enforcement of the decree as attempted by the district court or by modification.

The judgment of the district court is reversed.

**REVERSED.**