In re the **MARRIAGE OF** Samnieng Rose **MARTIN** and Joseph H. Martin.

Upon the Petition of **Samnieng Rose Martin, Petitioner–Appellee,**

**And Concerning Joseph H. Martin, Respondent–Appellant.**

No. 00–1629.

Court of Appeals of Iowa.

June 13, 2001.

Karen A. Taylor of the Law Offices of Taylor & Ristau, Des Moines, for appellant.

David P. Odekirk of Dunakey & Klatt, P.C., Waterloo, for appellee.

Considered by SACKETT, C.J., and HUITINK and STREIT, JJ.

STREIT, J.

Two former spouses dispute whether a provision in the decree dissolving their marriage constitutes an alimony award or a division of property. We reverse the district court's order dismissing the ex-

husband's petition for modification and remand for further proceedings.

### I. Background Facts & Proceedings.

Joseph and Samnieng Martin's eighteen-year marriage was dissolved in September 1986. The dissolution decree included the following provision:

> [Joseph] shall pay alimony to [Samnieng] ... in a sum equal to one-third of his pension benefits from the John Deere Company, to commence when [he] begins receiving such benefits. Alimony shall cease upon the death of either party, or upon [Samnieng's] remarriage.

In October 1986 Samnieng appealed, claiming this alimony award was inadequate because she had to wait seven to twenty-one years from the date of the dissolution decree to receive any spousal support. This court affirmed the dissolution decree as modified:

> [A]limony should have been awarded during the period prior to Joseph's receipt of his pension.... Joseph should pay Samnieng $200 in spousal support.... When Joseph begins receiving his pension benefits, the amount will increase or decrease to one-third of his pension benefits in accordance with the trial court's decree.

*In re Marriage of Martin*, No. 86–1590, 428 N.W.2d 318 (Iowa Ct.App.1988).

In February 1999 Joseph requested the dissolution decree be modified to terminate or reduce his alimony obligation. Samnieng, in turn, applied for an adjudication of law points pursuant to Iowa Rule of Civil Procedure 116. She argued the dissolution decree's alimony award was actually a part of the decree's division of property and thus cannot be modified.[1] The district court agreed and dismissed Jo-

seph's petition for modification. Joseph appeals.

### II. Standard of Review.

An adjudication of law points is confined to a determination of legal matters on uncontroverted pleadings. Iowa R. Civ. P. 116; *Mortensen v. Heritage Mut. Ins. Co.*, 590 N.W.2d 35, 38 (Iowa 1999). Our review is for a correction of errors at law. *Mortensen*, 590 N.W.2d at 38; *In re Marriage of Gallagher*, 539 N.W.2d 479, 480 (Iowa 1995).

### III. The Merits.

Joseph and Samnieng dispute the legal implications of the dissolution decree provision requiring Joseph to "pay alimony to [Samnieng] ... in a sum equal to one-third of his pension benefits from the John Deere Company, to commence when [he] begins receiving such benefits." Joseph argues the provision sets forth his alimony obligation and thus can be modified. *See* Iowa Code § 598.21(8) (1997) ("[T]he court may subsequently modify orders made under this section when there is a substantial change in circumstances."). Samnieng counters the provision establishes how a portion of the parties' property should be divided and thus cannot be modified. *See* Iowa Code § 598.21(11) (1997) ("Property divisions made under this chapter are not subject to modification.").

As Samnieng correctly observes, pension benefits are a form of property. *See, e.g., In re Marriage of Bevers*, 326 N.W.2d 896, 900 (Iowa 1982); *In re Marriage of Wilson*, 449 N.W.2d 890, 892 (Iowa Ct.App.1989); *In re Marriage of Jensen*, 396 N.W.2d 367, 369 (Iowa Ct.App. 1986); *In re Marriage of Byall*, 353 N.W.2d 103, 106 (Iowa Ct.App.1984). Ac-

---

1. In the litigation prior to the matter currently on appeal, Samnieng consistently charac- terized the disputed dissolution decree provision as an alimony award.

cordingly, if the district court intended to distribute a portion of Joseph's pension benefits to Samnieng via the aforementioned provision, it should not have used the term "alimony." *See Wilson*, 449 N.W.2d at 892. However, if the court intended to award Samnieng spousal support and merely fixed the amount of Joseph's support obligation by referencing his pension benefits, its use of the term "alimony" was appropriate. We ascertain the court's intent from the decree and other proper evidence. *Cf. In re Marriage of Ruter*, 564 N.W.2d 849, 851 (Iowa Ct. App.1997).

The court apparently intended to award Samnieng alimony. The court used the term "alimony" to describe the nature of Joseph's obligation to Samnieng. Its use of this term is not conclusive. *See In re Marriage of Von Glan*, 525 N.W.2d 427, 430 (Iowa Ct.App.1994). However, the court also stated Joseph's obligation would "cease upon the death of either party, or upon [Samnieng's] remarriage." Such termination conditions generally apply to payments that must be made pursuant to an alimony award, not those that must be made pursuant to a division of property. *See, e.g., In re Marriage of Harvey*, 393 N.W.2d 312, 314 (Iowa 1986); *Von Glan*, 525 N.W.2d at 430; *In re Marriage of Woodward*, 426 N.W.2d 668, 671 (Iowa Ct. App.1988). Moreover, the court explicitly noted it was imposing Joseph's obligation pursuant to section 598.21(3) of the Iowa Code. Section 598.21(3) provides upon every judgment of dissolution a "court may grant an order requiring *support payments* to either party for a limited or indefinite length of time." Iowa Code § 598.21(3) (1985) (emphasis added). Finally, the court stated Joseph had to pay Samnieng alimony "in a sum equal to one-third of his pension benefits." It did not require Joseph to pay this sum directly from his pension benefits. Nor did it require this sum to be assigned to Samnieng by a qualified domestic relations order. *See* Retirement Equity Act of 1984, Pub.L. No. 98–397, § 104, 98 Stat. 1426, 1433–36 (codified at 29 U.S.C. § 1056(d)(3)). This option was available to the court as of January 1, 1985. *See id.* § 303(d), 98 Stat. 1426, 1453.

We thus conclude the court intended to award Samnieng alimony rather than to distribute Joseph's pension benefits. In reaching this conclusion, we have not overlooked the fact the court did not include a provision in the dissolution decree explicitly awarding Joseph all of his pension benefits. Joseph owned these benefits when the court entered the decree. The absence of any specific reference to the benefits left title to them undisturbed. *See Ruter*, 564 N.W.2d at 851.

Because the disputed dissolution decree provision constitutes an alimony award, it can be modified if Joseph proves the requisite change in circumstances. *See* Iowa Code § 598.21(8) (1997); *see also, e.g., In re Marriage of Rietz*, 585 N.W.2d 226, 229 (Iowa 1998). We take no position as to the merits of the petition to modify. We reverse the district court's dismissal order and remand for further proceedings. We do not retain jurisdiction.

**REVERSED AND REMANDED.**