# IN THE COURT OF APPEALS OF IOWA

No. 21-1087
Filed August 31, 2022

IN RE THE MARRIAGE OF LORI REINKING,
AND JEFFERY REINKING

Upon the Petition of
LORI REINKING, n/k/a LORI THRONDSON,
    Petitioner-Appellee,

And Concerning
JEFFERY REINKING,
    Respondent-Appellant.
_____

    Appeal from the Iowa District Court for Howard County, Alan T. Heavens,

Judge.


    Jeffery Reinking appeals the district court order quashing the execution

against Lori Throndson for unpaid support payments.  **AFFIRMED.**


    Christopher F. O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP,

New Hampton, for appellant.

    Danielle M. Ellingson of Eggert, Erb & Ellingson, P.L.C., Charles City, for

appellee.


    Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

We are asked to decide whether a stipulation requiring one parent to pay money into an account for the benefit of a child created a judgment that the other parent could enforce through execution.

The stage was set as follows. Lori and Jeffery Reinking married, had one child, and divorced after eleven years. The district court granted Lori physical care of the child, a decision the court of appeals affirmed. *See In re Marriage of Reinking*, No. 11-1585, 2012 WL 3026412, at *2–3 (Iowa Ct. App. July 25, 2012).[1]

In time, Jeffery petitioned to modify the decree. The district court granted the application, transferring physical care of the child to him. The court ordered Lori to pay Jeffery $85 per month in child support as well as cash medical support of $10 per month. The court of appeals affirmed the physical care determination. *See In re Marriage of Reinking*, No. 15-0907, 2016 WL 3273465, at *2 (Iowa Ct. App. June 15, 2016).

Jeffery filed a second petition to modify the dissolution decree, seeking an increase in Lori's child support obligation. The parents eventually stipulated to a joint physical care arrangement and the following payment scheme:

> CHILD SUPPORT: Neither party shall pay child support. In lieu of child support, the parties shall share expenses as follows:
> A. The Petitioner shall pay $300.00 per month into an account for the benefit of the minor child. The account shall name the child as signatory and each parent shall be entitled to a copy of the monthly statement to ensure the parents are apprised of the child's use of the account.
> 1. $150.00 each month shall be saved for the child's expected future college expenses;

---

[1] This court remanded the case for recalculation of Jeffery's child support obligation.

> 2. $150.00 each month may be used for the school expenses of the child, school clothing, school lunches, extracurricular fees, entertainment, and related expenses.
> 3. No more than $50.00 shall be expended at any time absent the consent of both parents.[2]

The district court approved the stipulation.[3] That stipulation undergirds the proceeding giving rise to this appeal.

Approximately eighteen months after Lori's payment obligation under the stipulation ended, Jeffery filed a request for execution against her, also known as a praecipe. He claimed she owed $6000 in unpaid child support and ten percent annual interest from the date of the stipulation, which he calculated to be $1549.60. The clerk of court issued a general execution directing the sheriff to levy on Lori.

Lori applied for a stay of the judgment. She noted that "[n]o money was to be paid directly to [Jeffery] as no child support was ordered." She attached documentation of more than $6000 paid into two accounts she created in the name of herself and her son.

The district court granted Lori's application for a temporary stay of execution pending a hearing. Following the hearing, the court quashed the execution,

---

[2] The "obligation to share expense[s]" was to last until the child graduated from high school or reached nineteen years old, whichever occurred first.

[3] As noted, the stipulation stated "[n]either party" would "pay child support" and the amounts to be deposited into the account were "[i]n lieu of child support." The stipulation characterized the payments as "expenses." The child support guidelines authorize allocation of expenses in joint physical care cases. *See* Iowa Ct. R. 9.14(3). But payment of expenses is not a substitute for payment of child support. *Id.* ("An allocation between the parties for payment of the child(ren)'s expenses ordered pursuant to Iowa Code section 598.41(5)(a) is an obligation in addition to the child support amount calculated pursuant to this rule and is not child support."). The stipulation violated this prescript. However, the payment scheme was approved, and no one challenged the stipulation on this ground.

concluding Jeffery's execution was "fatally flawed" for a variety of reasons notwithstanding the "insufficien[cy] [of] evidence in the record to determine whether Lori fully complied with the Stipulation." The court denied Jeffery's motion to reconsider.

On appeal, Jeffery argues the stipulation approved by the court created a judgment for support that could be enforced by a general execution and Lori failed to "alleg[e] and prov[e] payment of the $300.00 each month ordered." We need not decide whether the order approving the stipulation amounted to an enforceable judgment.[4] Nor do we need to decide whether, if the order was a judgment, it was the type of judgment subject to enforcement by a request for execution.[5] That is because, even if the order was a judgment, and even if it was enforceable by execution, Lori established that she deposited the entire amount required by the

---

[4] "When the stipulation is merged in the dissolution decree it is interpreted and enforced as a final judgment of the court, not as a separate contract between the parties." *In re Marriage of Lawson*, 409 N.W.2d 181, 182 (Iowa 1987) (quoting *Prochelo v. Prochelo*, 346 N.W.2d 527, 529 (Iowa 1984)).

[5] Iowa Code section 626.1 (2022) states, "Judgments or orders requiring the payment of money, or the delivery of the possession of property, are to be enforced by execution." Iowa Code sections 598.22 and 22A address the collection and satisfaction of support payments. In *Cullinan v. Cullinan*, 226 N.W.2d 33, 35 (Iowa 1975), the supreme court stated, "The states are in conflict on the question of whether arrearage in child support payments, previously decreed, must be reduced to judgment before execution can issue." Addressing precedent, the court continued, "Our own cases hold a further entry of judgment is, with an exception to be noted, unnecessary." *Id.* The exception, the court said, was "when the trial court so indicates in the decree which fixes the periodic support payments." *Id.*; *cf. Walters v. Walters*, 3 N.W.2d 595, 596 (Iowa 1942) (stating "a decree for alimony is conclusive until subsequently made to appear by reason of changed conditions that its enforcement would result in injustice").

order into the joint account with her son.[6]  In addition to including the pertinent

bank statements, she attached the following summaries of those deposits:

**Deposits–Expenses**

| | |
|---|---|
| September 25, 2017 | $150.00 |
| October 31, 2017 | $150.00 |
| December 1, 2017 | $150.00 |
| January 16, 2018 | $150.00 |
| February 7, 2018 | $150.00 |
| March 12, 2018 | $300.00 |
| April 16, 2018 | $300.00 |
| May 4, 2018 | $150.00 |
| July 12, 2018 | $300.00 |
| September 10, 2018 | $100.00 |
| November 13, 2018 | $300.00 |
| December 3, 2018 | $150.00 |
| January 18, 2019 | $150.00 |
| February 1, 2019 | $150.00 |
| February 11, 2019 | $600.00 |

**Asset Total $3250.00**

**Deposits–College Account**

| | |
|---|---|
| September 25, 2017 | $150.00 |
| October 2, 2017 | $1000.00 |
| October 31, 2017 | $150.00 |
| December 1, 2017 | $150.00 |
| May 4, 2018 | $150.00 |
| July 12, 2018 | $300.00 |
| September 10, 2018 | $300.00 |
| November 13, 2018 | $300.00 |
| December 3, 2018 | $150.00 |
| January 18, 2019 | $150.00 |
| February 1, 2019 | $150.00 |
| February 11, 2019 | $600.00 |

**Asset Total $3550.00**

Jeffery's evidence did not undermine these summaries.  While he offered bank

statements purporting to show that Lori "withdrew money from [the child's] account

---

[6] Although Lori did not formally offer and admit these documents at the hearing on the motion to stay, she asked the court to consider them, and counsel for Jeffery did not object.

and deposited it into her own account," the statements spanned a different period of time than the dates of the payments listed by Lori. And while he claimed he set up independent accounts into which the sums were to be deposited, the stipulation did not preclude Lori from depositing the funds into accounts she created. Because Lori owed no money for the stipulated expenses, Jeffery was not entitled to have a request for execution issued against her. On our de novo review, we conclude the district court appropriately quashed the execution.

**AFFIRMED.**