LEAR SMITH OR LEAR SHEDINE, Appellant, v. MARTHA RUNNELS, *et al.*

**Wills: CONSTRUCTION.** A will gave plaintiff "all the estate" of the testator "for her sole use and benefit during her natural life," afterwards to be divided. *Held,* that it gave plaintiff a life estate only, in the testator's real estate.

**Partition: PRACTICE.** Partition of land cannot be decreed in an action by a life tenant against the remainder-men, under the Iowa statute authorizing partition, only, between joint owners or tenants in common.

**Pleading.** Plaintiff in a suit to partition land, who claims in the petition to have a life estate therein, is not entitled to relief on the ground that she has an estate in fee simple.

*Appeal from Harrison District Court.*—HON. FRANK R. GAYNOR, Judge.

TUESDAY, JANUARY 28, 1896.

SUIT in equity to partition or sell certain real estate, in which plaintiff claims to have a life estate in virtue of the terms of a certain will executed by one Sarah Smith during her lifetime. The defendants demurred to the petition. The demurrer was sustained, and plaintiff appeals.—*Affirmed.*

*L. R. Bolter & Sons* for appellant.

*S. I. King* for appellees.

DEEMER, J.—The petition alleges, in substance, that the plaintiff is the owner of a life estate in certain real property therein described; that she acquired her interest therein under and by virtue of a will made and executed by one Sarah Smith, who, in her

lifetime, was the owner of the land; that the defendants, some thirty-two in number, are the collateral heirs of Sarah Smith, and that they are entitled to what remains of the said real estate, or its proceeds, after a sufficient amount thereof has been taken for the support and maintenance of plaintiff during her natural life; that the land is brush or timber land, and is unproductive, and that the rents or profits of the same will not pay the taxes; that the land has been sold for taxes, and, unless some relief be granted, both plaintiff and defendants will lose all their interest in it. And she asks a decree confirming the interest of all the parties in and to the real estate; that the premises be sold, and the money received, or so much thereof as may be necessary, be used for the support and maintenance of plaintiff during her natural life— the balance to be paid to defendants according to their respective shares. The clauses of the will necessary to be considered, to arrive at an understanding of the question presented, are as follows: "Second. I give to my sister, Lear Smith, should she survive me, all the estate of which I may die possessed, for her sole use and benefit during her natural life. And, after her death, I direct division as set out in clause 3. Third. Should my sister, Lear Smith, not survive me, I direct that my estate be divided among my natural heirs; my sister now being called Lear Shedine." It is contended in argument on behalf of appellant that this will devises to plaintiff a fee-simple estate. We do not think this is true. But, if it be the correct construction, it will not aid her in this suit, for two reasons: First, because she makes no such claim in her petition; second, because if she is the owner of the land in fee simple, she needs no aid from a court of equity in order to dispose of the land. If she is the fee owner, partition cannot be granted. But, looking to the whole instrument, we

think it is clear that nothing more than a life estate was devised to plaintiff. The will gives the land in question to plaintiff for her sole use and benefit during her natural life. The language is plain and unequivocal, and no further discussion of the question seems necessary. It is needless to refer to the authorities, for, where the intent is plain, there is nothing to do but to follow the will of the testator. We may, however, refer to the following recent decisions of this court, which are closely in point: *In re Proctor's Estate*, 95 Iowa, 172 (63 N. W. Rep. 670); *Jordan v. Woodin*, 93 Iowa, 453 (61 N. W. Rep. 948); *Stivers v. Gardner*, 88 Iowa, 307 (55 N. W. Rep. 516).

II. Plaintiff having but a life estate in the land, the next question presented is, what authority has a court of equity to order its sale? It is evident that these parties are not joint owners or tenants in common of the same real estate, and it is equally clear that, under our statute, partition can be had only when the land is so owned. As said in the case of *Johnson v. Moser*, 72 Iowa, 523, (34 N. W. Rep. 314): "There is no necessity to have, nor, in the nature of things, can there be, partition of real estate owned in severalty." See, also, *Clark v. Richardson*, 32 Iowa, 399, and Freem. Coten. section 431. Under the will, plaintiff has the sole use and benefit of the land during her natural life. The defendants have no right to its possession or use until the death of the plaintiff. Whether the plaintiff may make a voluntary disposition of her life estate, is a question we need not determine; for, if she has this right, she needs no decree of a court of chancery to assist her in the exercise of the power. We think the court was clearly right in sustaining the demurrer, and the decree is AFFIRMED.