KISER SNYDER, Appellee, v. DOLLY SNYDER et al., Appellants.

No. 40453.

DECEMBER 9, 1930.

*Campbell & Campbell,* for Dolly Snyder and Herman Snyder, appellants.

*Geiser, Donohue & Geiser,* for appellee.

DE GRAFF, J.—The plaintiff, Kiser Snyder, is the fee-simple title holder of an undivided 1/8 interest in a certain described 60-acre farm located in Chickasaw County, Iowa. The defendant Dolly Snyder is the owner of an undivided 5/8 interest in said farm. The defendants Henry and Herman Snyder are the owners of an undivided 1/8 interest, respectively, in said farm. These owners of these undivided interests were unable to mutually agree upon a division of the farm in question, and consequently this partition suit was commenced. The defendants appealed from the decree ordering a sale of the farm.

The record discloses that the 60-acre farm is in a farming community, and is located about 16 miles from New Hampton, the county seat of Chickasaw County. We deem it unnecessary to dwell on the factual side bearing on the question whether or not the farm can be equitably divided into the requisite number of fractional shares owned by the plaintiff and defendants respectively. The evidence of the defendants shows that, if the farm were divided into 7½-acre tracts, it would greatly depreciate the value of the farm sold as an entire tract. The farm is too remote from any urban population to appeal to purchasers of acreage tracts. It is at once apparent that such a division would greatly depreciate the value of the interests of the respective owners of these undivided fractional shares. It is at once apparent that, if such a division were ordered, the fencing of each separate tract would be necessary, and if so divided, it would leave the owners with small tracts that would not be suitable for agricultural purposes. The trial court took notice of the location of this parcel of real estate, and that it could not be divided into small tracts without entailing a considerable loss to the respective owners.

An action for partition shall be by equitable proceedings. Section 12310, Code, 1927. Any owner of an undivided interest

has the right to ask for a partition, and by statutory provision defendants in such an action may deny the interest of any of the plaintiffs. Section 12318. There was no such denial in this case. All of the parties were children of the former title holder of the 60-acre tract, and their present undivided interests came to each respectively by inheritance. The land was and is unencumbered. The statute on partition (Section 12326) provides that, upon the entering of decree, the court shall appoint referees to make partition, unless the parties agree to a sale of the property; or where it is shown that the property cannot be equitably divided into the requisite numbers of shares, a sale shall be ordered. The sale in the instant case was ordered, and properly so, under the record facts. The decree entered is—*Affirmed.*

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.