NEOCO, INCORPORATED, Appellee,

v.

B. C. CHRISTENSON, Anna Jean Christenson, Cyrus O. Christenson, Duane L. Christenson, Arlet C. Nelson, Sonnet Tool, Dugas Machine Works, and Herb W. Butzback, and all Unknown Claimants, Appellants.

No. 64479.

Supreme Court of Iowa.

Nov. 25, 1981.

Rehearing Denied Dec. 18, 1981.

G. Gregory Kelly, Des Moines, for appellants.

Dale Sharp of Smith, Nutty, Sharp, Ruigh & Benson, Ames, for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, McGIVERIN, and LARSON, JJ.

LeGRAND, Justice.

This is an appeal from a summary judgment decreeing partition of real estate located in the City of Ames. We affirm the trial court.

Title to the real estate devolved from A. J. Christenson and Amanda Christenson, husband and wife, who owned the property as tenants in common until A. J. Christenson's death in 1960. By virtue of inheritance from him and a quitclaim deed from Amanda, title became vested equally in

their four children, B. C. Christenson, Cyrus O. Christenson, Duane L. Christenson, and Arlet C. Nelson.

Plaintiff, Neoco, Inc., acquired B. C. Christenson's one-fourth interest by sheriff's deed after levy and sale pursuant to a judgment obtained against him. Plaintiff brought this action to partition the property, naming the other owners as defendants. Amanda Christenson and three lien holders were also named as defendants. They take no part in this appeal.

Plaintiff filed a motion for summary judgment to which the defendants filed a resistance. After a hearing on the motion, a decree was entered sustaining the motion and directing that the property be appraised and sold.

The defendants contend that the trial court erred in finding there was no genuine issue of material fact. This raises a preliminary question which we consider first.

After the hearing, but before the decree was entered, the defendants filed a further resistance, claiming for the first time that the property should be partitioned in kind rather than by sale. The trial court held this resistance was not timely and refused to consider it.

Defendant's principal complaint concerns the trial court's refusal to consider the matters raised by the further resistance. Had it done so, defendants say there would have been genuine issues of material fact for trial.

■ Iowa R.Civ.P. 237 sets out the procedure for summary judgment. Before such a judgment may be entered, the court must find the absence of any genuine issue of material fact. The rule provides for notice and hearing at which resistance may be made as specified in the rule. Defendants had their hearing at which they offered no valid defense. What they seek now is a *second* hearing. The record discloses no reason why the matters sought to be raised belatedly were not brought forward at the time of the hearing.

The situation is not unlike the filing of late amendments to pleadings which trial judges have considerable discretion to either allow or disallow. We have adopted a liberal rule for such amendments. *See Smith v. Village Enterprises, Inc.,* 208 N.W.2d 35, 37 (Iowa 1973). However, we do not permit those which raise new issues. *Id.* The defendants' further resistance here did just that. It brought up new and theretofore unclaimed defenses. For the first time defendants asserted a right to introduce vital testimony pursuant to rule 237(e).

We hold the trial court did not abuse its discretion in refusing to consider the further resistance. Rule 237(e) makes it clear the matters before the court are those which are on file when the hearing is held. We do not foreclose the trial court's discretion to allow late filings. We only say there was no abuse of discretion in refusing to do so here.

■ We also rule against defendants on the merits of the case. The petition asked partition of real estate owned by four persons as tenants in common. Any owner of an undivided interest in real estate may demand it be partitioned. *Snyder v. Snyder,* 211 Iowa 445, 446–47, 233 N.W. 498 (1930).

■ Claim was made that the property was the homestead of B. C. Christenson, whose interest was acquired by plaintiff at sheriff's sale. Without deciding what, if any, effect this would have if it were established, we agree with the trial court that the property had been sold under levy before B. C. Christenson occupied it under claim of homestead. Under these circumstances, no homestead rights attached.

■ The purpose of summary judgments is to avoid trials where no factual issue exists. *Barnhill v. Davis,* 300 N.W.2d 104, 105 (Iowa 1981); *Anita Valley, Inc. v. Bingley,* 279 N.W.2d 37, 41 (Iowa 1979). The burden was on plaintiff to prove no genuine issue of material fact exists. *Meyer v. Nottger,* 241 N.W.2d 911, 916–17 (Iowa 1976). Plaintiff did so in this case.

We have reviewed the matters properly before the trial court on the motion for summary judgment, including the issues raised by defendants' resistance, and conclude the trial court was correct in finding there was no genuine issue of material fact.

We therefore affirm the judgment as entered.

AFFIRMED.