May MORRIS; Jeannette Morris Acheson a/k/a Jeanette Morris Acheson; Robert C. Acheson; Roberta Morris Cramp and Thomas H. Cramp, Appellees,

v.

Beverly B. MORRIS, Individually; Estate of Robert D. Morris, Beverly B. Morris, Executor; Diane Jean Langdon; Linda Jayne Crannell; Robert D. Morris II, Appellants.

No. 84–472.

Supreme Court of Iowa.

March 19, 1986.

Richard A. Bartolomei and Denise S. Lange, Des Moines, for appellants.

Richard G. Blane, II, Des Moines, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

HARRIS, Justice.

Will partition lie against defendants whose only interest in the real estate is subject to a life estate? The trial court ordered partition in kind, and the court of appeals, with modifications, agreed. We disagree and hold that partition cannot be ordered against such defendants. Other questions relate to defendants' counterclaim, rejected by the trial court, to set aside certain transactions among the plaintiffs. We affirm in part, reverse in part, and remand.

Many estate plans founder because an heir-apparent's death occurs before a testator's. The eighty acres of farmland involved here were owned by Conway Morris. Conway and his widow, plaintiff May Morris, were parents of two daughters, Jeannette Morris Acheson and Roberta Morris Cramp, and a son, Robert D. Morris.

In 1957 both Conway and May executed wills which, taken together, would provide for the eighty-acre tract to be eventually owned by their son Robert. Conway devised an undivided one-half interest in the tract to May and the other one-half interest to May for life with remainder to Robert. Under May's will her one-half interest (received outright under Conway's will) was left to Robert.

Conway died in 1966 and May and Robert took their interests according to Conway's will. In 1978 Robert died, survived by May in addition to his wife, two daughters, and a son. Robert's estate, his wife, and children are defendants in this action.

In 1979, after Robert's death, May executed a new will which left her undivided one-half interest in the land to her surviving children, Jeannette and Roberta. She later deeded her one-half interest to Jeannette and Roberta and their husbands, but reserved her life estate in the other half. Robert's widow and children continue to own Robert's remainder interest in the property, subject to May's life estate.

Hard feelings developed. Jeannette, Roberta, their husbands, and May brought this action to partition the land in kind, that is, into two forty-acre parcels. According to the petition, one tract would be owned by Jeannette and Roberta and their husbands pursuant to the deed from May. Robert's widow and children would own the remainder interest in the other forty-acre tract, subject to May's life estate. Defendants filed a counterclaim which will be described in a later division of this opinion.

■ I. The trial court ordered partition notwithstanding defendants' contention that partition was not available "because plaintiffs and defendants are not co-tenants of the property sought to be partitioned."

We have many times held that "[p]artition may be maintained only when the parties plaintiff and defendant are entitled to the present possession of their interests in severalty." *Anderson v. Anderson,* 227 Iowa 25, 37, 286 N.W. 446, 452 (1939); *see also Huse v. Noffke,* 271 N.W.2d 682, 684 (Iowa 1978); *Traversy v. Bell,* 195 Iowa 1243, 1246, 193 N.W. 439, 441 (1923); *Shillinglaw v. Peterson,* 184 Iowa 276, 286, 167 N.W. 709, 712–13 (1918) ("It is a general proposition that they only can maintain partition who are entitled to immediate possession by virtue of some ownership in some part of the property sought to be partitioned.").

■ In the early case of *Smith v. Runnels,* 97 Iowa 55, 65 N.W. 1002 (1896) we dealt with the right to maintain a partition action against persons who hold only remainder interests. We held that partition cannot be ordered against remaindermen because the statute, now Iowa rule of civil procedure 270, authorizes partitions only between joint owners or tenants-in-common. *Id.* at 57, 65 N.W. at 1002. Our view seems to be the one generally taken by courts elsewhere. We note and approve the following:

In the absence of positive statutory authorization, the holder of an estate for years or for life in the property sought to be partitioned cannot maintain an action

for partition thereof against the remaindermen or reversioners, and this rule applies to preclude his suing the remaindermen or reversioners either for partition in kind or for partition by sale and division of the proceeds....

68 C.J.S. Partition § 57(a) (1950).

Although plaintiffs contend otherwise we do not think the special facts of this case provided a basis for any exception. It makes no difference that some of the plaintiffs share an interest with defendants in the remainder. Neither is the rule affected by the life tenancy of May. The trial court and court of appeals were in error in ordering partition.

II. By way of counterclaim defendants assert that the wills executed by Conway and May in 1957 were mutual and May could not, after having accepted the benefits under Conway's will, change her own. Defendants also assert that Jeannette and Roberta obtained their deed by exercising undue influence on May in violation of a confidential relationship. The trial court determined that these were matters growing out of or were connected with the subject real estate and, hence, were appropriately raised, notwithstanding the no-joinder provisions of Iowa rule of civil procedure 275. This determination is not challenged on appeal.

The trial court rejected the claim of undue influence, noting that May was competent to transact business and that the decision to convey the property to her daughters was her own. It therefore upheld the deed. The trial court also concluded May's and Conway's wills were not mutual because no intent to make mutual wills was expressly stated in the instruments.

III. Defendants do not directly appeal from the trial court's findings that the evidence did not establish undue influence. They do however challenge evidentiary rulings on that issue.

Defendants subpoenaed the records of the nursing home where May resided in order to explore what they might reveal about her mental capacity. Three books were produced, containing medical and administrative records of all patients, as well as those relating exclusively to May.

Defendants' counsel kept the records overnight, examined them, and returned them the following day, expecting to use them later. On the day following their return the nursing home moved to quash the subpoena on grounds, among others, that nonparty patients would be embarrassed by the disclosure of information in their personal records. The trial court sustained the motion to quash, a ruling which defendants challenge.

A trial court has wide discretion in such a ruling. *Mason v. Robinson*, 340 N.W.2d 236, 243 (Iowa 1983). We find no abuse. The ruling is supported by an appropriate concern for the privacy of other patients. It was reasonable for the court to conclude that the examination made overnight fairly balanced the interests of defendants and the other patients.

IV. Defendants also sought the records of John McDonald, May's personal attorney. They believed these records would shed light on her mental capacity and susceptibility to undue influence. May waived her attorney-client privilege during the trial and her counsel's records were made available to the defendants. Defendants however wanted more time to examine the records and for that reason requested a continuance. The denial of this request is the subject of a separate assignment of error.

This is also a matter upon which trial courts enjoy broad discretion. *Department of General Services v. R.M. Boggs Co.*, 336 N.W.2d 408, 410 (Iowa 1983). We find nothing to indicate the trial court abused its discretion in not allowing defendants more time to review May's attorney's records.

V. Defendants also appeal from the trial court's rejection of their claim that May was bound by the terms of Conway's will because their 1957 wills were mutual and she accepted the terms of Conway's. Iowa Code section 633.270 (1985) provides:

No will shall be construed to be contractual or mutual, unless in such will the testator shall expressly state the intent that such will shall be so construed.

This provision became effective in 1964 and defendants contend it does not apply to the Morris wills which were executed in 1957. This contention is at odds with Iowa Code section 633.2(1) which provides:

1. *Effective date.* This Code shall take effect and be in force on and after January 1, 1964. *The procedure herein described shall govern all proceedings in probate brought after the effective date of this Code.*

(Emphasis added.) In *Floerchinger v. Williams,* we held this section applies to wills executed prior to January 1, 1964 but probated after that date. 260 Iowa 53, 58, 148 N.W.2d 410, 412 (1967).

Defendants seek to avoid the effect of the statute and our holding in *Floerchinger* by contending it applies only in proceedings in probate and has no application in this partition suit. We, like the trial court, think it does indeed apply here. The rights of all parties are derived through a probate proceeding. Moreover we are sure the legislature did not intend for section 633.270 to apply in some court proceedings and for a different rule to apply in others.

Defendants' challenge to the rejection of their counterclaim is without merit.

In summary the trial court erred in ordering partition. A challenged order for partition costs and fees must be set aside because it depended on the decree of partition. The trial court correctly dismissed defendants' counterclaim. Costs on appeal are taxed one-half to the plaintiffs and one-half to defendants. The case is remanded for entry of a judgment in conformity with this opinion.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

All Justices concur except CARTER, J., who dissents.

CARTER, Justice (dissenting).

I dissent from Division I of the opinion. I believe that it is only necessary in order to maintain an action in partition that the parties asking for partition be entitled "to the present possession of their interests in severalty." *See Shillinglaw v. Peterson,* 184 Iowa 276, 167 N.W. 709 (1918). It is not necessary that their adversaries also be so entitled. I would affirm the court of appeals and the district court.