**Johnny Ray HALL, Plaintiff-Appellant,**

v.

**R. Earl BARRETT, Defendant-Appellee.**

**No. 86–1401.**

Court of Appeals of Iowa.

July 30, 1987.

As Corrected Aug. 3, 1987.

Dennis L. Eaton of Meyer & Slater, Des Moines, for plaintiff-appellant.

Richard G. Langdon and Kermit B. Anderson of Herrick, Langdon & Langdon, Des Moines, for defendant-appellee.

Considered by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

On July 18, 1985, appellant, Johnny Ray Hall, initiated the present legal malpractice action against appellee, R. Earl Barrett. Barrett had represented Hall in connection with an earlier charge of being a felon in possession of a firearm. *See* Iowa Code § 724.26 (1979). Those charges resulted in Hall's conviction and sentence which were affirmed on direct appeal. *State v. Hall,* 301 N.W.2d 729 (Iowa 1981). An unsuccessful postconviction relief petition followed Hall's direct appeal and preceded the present action. The merits of these postconviction proceedings, as we discuss below, are determinative of the present appeal. The district court in the present suit granted Barrett's motion for summary judgment and this appeal followed. Our

review is limited to the correction of errors at law. Iowa R.App.P. 4.

## I.

### (A)

Hall maintains the district court erred in granting Barrett's summary judgment motion. Hall's petition alleged that Barrett was negligent in his representation of Hall because he, Barrett, had failed to make any "pretrial, trial or posttrial motions concerning the search warrent [sic]" which led to incriminating evidence admitted against Hall at trial. The district court, in granting Barrett summary judgment, found that Hall's claim was both precluded by the doctrine of collateral estoppel and without merit as a matter of law.

Iowa Rule of Civil Procedure 237(c) provides that summary

> judgment shall be rendered ... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In reviewing the grant of summary judgment under this rule, the question is whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. *Suss v. Schammel*, 375 N.W.2d 252, 254 (Iowa 1985); *Brown v. Monticello State Bank of Monticello*, 360 N.W.2d 81, 83–84 (Iowa 1984). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit, given the applicable governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, 477 U.S. at ——, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly

applied. *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 872 (Iowa 1984). We examine the record in a light most favorable to the party opposing the motion for summary judgment to determine if movant met his or her burden. *Matherly v. Hanson*, 359 N.W.2d 450, 453 (Iowa 1984).

### (B)

Hall contends the district court erred in applying the law of collateral estoppel to the present case. The district court concluded this doctrine precluded Hall's action because the validity of the search warrant, an issue critical to his negligence claim, had been decided adversely to Hall during the earlier post-conviction proceedings. The purpose of the doctrine of collateral estoppel, also known as the doctrine of issue preclusion, *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 n. 2 (Iowa 1981), is to prevent the relitigation of issues raised and resolved in a previous action. *Heidemann v. Sweitzer*, 375 N.W.2d 665, 667 (Iowa 1985). The doctrine requires four elements to be demonstrated prior to its application: (1) the issue concluded must be identical in the two actions; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the judgment. *Ideal Mut. Ins. Co. v. Winker*, 319 N.W.2d 289, 294 (Iowa 1982). The case at bar presents an example of the "defensive use" of the doctrine whereby a defendant relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense. *Hunter*, 300 N.W.2d at 123.

Hall's initial argument—that the doctrine of issue preclusion may not be invoked here because the parties in this action are not identical to those involved in the postconviction proceedings—is easily disposed of. Mutuality of parties is not a prerequisite to the defensive use of issue preclusion. *Brigdon v. Covington*, 298

N.W.2d 279, 281 (Iowa 1980). All that is necessary for this use is the satisfaction of the four above-noted elements and the party against whom the doctrine is invoked defensively being so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant issue and be properly bound by its resolution. *AID Ins. Co. (Mut.) v. Chrest,* 336 N.W.2d 437, 439 (Iowa 1983). In the present case, Hall was a party to the former action and therefore had the requisite opportunity to litigate the issue.

Related to this latter observation is Hall's second argument: that the pertinent. issue in this case—the validity of the search warrant—was not fully litigated in the former action. The United States Court of Appeals for the Seventh Circuit has discussed the framework applicable to an analysis of this claim as follows:

> The requirement of collateral estoppel that the issue be "actually litigated" does not require that the issue be thoroughly litigated. Collateral estoppel may apply "no matter how slight was the evidence on which a determination was made, in the first suit, of the issue to be collaterally concluded." ... This requirement is generally satisfied if the parties to the original action disputed the issue and the trier of fact resolved it.

*Continental Can Co., U.S.A. v. Marshall,* 603 F.2d 590, 596 (7th Cir.1979) (citations omitted); *see* 1B Moore's Federal Practice ¶ 0.441[2] at 727 (2d ed. 1984). Our supreme court has stated that judgment entered after trial is not the only type of determination which will satisfy the litigation requirement. In *Ideal Mut. Ins. Co. v. Winker,* 319 N.W.2d 289, 296 (Iowa 1982), the court stated that the purpose behind this requirement "can also be satisfied by a determination made without the full exploration that an issue receives during trial on the merits—by motion for summary judgment, a motion to dismiss, or their equivalents." *See Restatement (Second) of Judgments* § 68 comment d (1980).

In the case at bar, Hall contends Barrett was negligent in failing to contest the va-lidity of the search warrant executed against Hall. Hall's counsel, in oral argument to the district court, conceded that this allegation forms the entire basis for the current claim. The postconviction court, on remand from this court, framed the issue before it in the following manner:

> The petitioner [Barrett] will here assert that [his postconviction counsel's] actions as his attorney were inadequate for failure to attack Earl Barrett's adequacy as his trial attorney in that Barrett failed to move to suppress seizure of guns by the police in execution of the search warrant.

Relevant portions of the postconviction court's resolution of his issue include the following:

> At argument the Court informed counsel that it was impossible to assess [the post-conviction attorney's] adequacy in a vacuum; that is, without assessing the probable cause issue on the search warrant the seizures under which provided the evidence for the prosecution of the criminal charge and conviction (Polk County No. 15828) under attack here in this postconviction proceeding. Counsel stipulate the search warrant record being Polk County No. 15797, argued such issue to the Court and the case was thus submitted. * * * The court has assessed the legal sufficiency of the search warrant involved and finds that it is in regular form and is supported very amptly by probable cause.

> *    *    *    *    *    *

> The seizures under the search warrant were thus plainly not subject to suppression; thus a motion to suppress them, or other form of attack on the search warrant, on the part of plaintiff's criminal trial attorney (Earl Barrett) in the underlying prosecution (Polk County Criminal No. 15828) would have been bootless. Thus his failure to attack the search warrant could not have sensibly been a point on which his appeal counsel (Phil Miller) or his postconviction counsel Fultz could have based a claim of ineffective assistance of counsel.

> *    *    *    *    *    *

This Court finds criminal trial attorney Barrett was not ineffective as counsel to the plaintiff Hall in failing to attack seizures under this search warrant.

The validity of the search warrant was plainly litigated in the prior action and decided adversely to Hall. He does not claim that one of the remaining elements requisite for the application of issue preclusion has not been satisfied; nor would such a claim be successful. The prior judicial determination of the search warrant's validity stands as a bar to Hall's claim that Barrett was negligent in failing to attack it. The district court did not err in its application of the doctrine of issue preclusion. *Cf. Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (issue previously litigated in state criminal proceeding precludes subsequent civil rights action). As a result of the application of that doctrine, the district court's award of summary judgment to Barrett was a correct application of the law.

## II.

The district court also based its grant of summary judgment on its independent determinations that the search warrant was valid and that, consequently, Barrett was not negligent in failing to challenge it. Hall maintains the district court erred in finding the warrant valid. In light of our holding in part I, *supra*, we are neither required, nor inclined, to reach this issue.

## III.

Finally, Hall maintains the district court erred in refusing to allow the entire court file from Hall's postconviction proceedings into evidence at the summary judgment hearing. Hall did not attempt to file the court file, or pertinent parts thereof, prior to the hearing. *See* Iowa R.Civ.P. 237(e). Our law is clear that, in the summary judgment context, the matters before a court are those which are on file when the hearing is held. *Neoco, Inc. v. Christenson*, 312 N.W.2d 559, 560 (Iowa 1981). While a district court may, in its discretion, allow late filings, *id.*, such discretion was not abused here.

Barrett was entitled to judgment as a matter of law. Accordingly, the district court's judgment is affirmed.

AFFIRMED.