Lucille K. SCHMAL, Stephen J. Schmal, Individually, and Lucille K. Schmal, as Executor of the Estate of Martin J. Schmal, Plaintiffs–Appellants,

v.

MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant–Appellee.

No. 87–756.

Court of Appeals of Iowa.

Sept. 28, 1988.

James H. Reynolds, Dubuque, for plaintiffs-appellants.

Les V. Reddick of O'Connor & Thomas, P.C., Dubuque, for defendant-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

Plaintiffs appeal from the district court's order granting defendant's motion for summary judgment. Plaintiffs, decedent's wife and son, sued defendant, Minnesota Mutual Life Insurance Company, to recover money due them under the decedent's life insurance policy. Defendant moved for summary judgment asserting that plaintiffs could not recover the full value because the decedent had committed suicide. Plaintiffs contend the district court erred in granting the motion for summary judgment; they assert there exists an issue of material fact in the manner by which the decedent died. We reverse.

■ Initially, plaintiffs moved for summary judgment, which the court overruled on September 10, 1985. The court found based on the record before it on that date that "[t]here is a material fact as to whether the life policy is a lapsed reinstated policy or a new policy." Defendant then propounded requests for admissions concerning this issue to the plaintiffs. Plaintiffs failed to file their answers to such requests for admissions. Therefore, they are deemed admitted. I.R.Civ.P. 127 and 128. By their failure to respond, the plaintiffs have eliminated this issue from controversy.

■ Subsequently, Minnesota Mutual moved for summary judgment, which became the basis of this appeal. Attached to its motion and reply to plaintiffs' resistance were several affidavits including the Clayton County Medical Examiner and the deputy medical examiner of Dubuque County. Both stated after examining the body it was their expert opinion that the decedent had committed suicide. The defendant also attached to its motion several court documents which revealed that at the time of his death the decedent was in danger of losing his farm by foreclosure. Plaintiffs attached the affidavit of wife stating that she believed her husband had died by accident because he was outside stalking a mink and that she had no prior indication he was depressed. She also alleged several statements her son and neighbors would make to corroborate her position should they testify.

Our review is on errors assigned. I.R. App.P. 4. Upon reviewing a motion for summary judgment, the moving party must have demonstrated the absence of any genuine issue of material fact and showed that he was entitled to judgment as a matter of law. *Hall v. Barrett*, 412 N.W.2d 648, 650 (Iowa App.1987). On appeal the record is examined in a light most favorable to the party opposing the motion for summary judgment to determine if the movant's burden was met. *Id.* We have recognized that a motion for summary judgment should not be granted if reasonable minds can differ as to how the issue should be resolved. *Steinbach v. Meyer*, 412 N.W.2d 917, 918 (Iowa App.1987).

There is no dispute between the parties that the insurance policy contained a provision under which if the insured died as a result of suicide the company would only remit the value of past premiums paid. However, the parties disagree as to the manner of the insured's death. This issue turns on the testimony which would be presented at trial. We find such testimony should properly be subject to a test of credibility of the witnesses by the jury. When a jury question is engendered, an evaluative judgment should not be engaged in summary judgment where the trier of fact may draw two possible conclusions from the facts. *Schermer v. Muller*, 380 N.W.2d 684, 687 (Iowa 1986); *see also Chenette v. Trustees of Iowa College*, 431 F.2d 49, 53 (8th Cir.1970).

The case of *Hatfield v. Empire General Life Insurance Company*, 89 Or.App. 190, 748 P.2d 152 (1988) presents a situation similar to this case. In *Hatfield*, the issue was whether or not a death was by suicide to determine coverage under a life insurance policy. *Id.* As in this case, the evidence consisted of the medical examiner's opinion versus affidavits of those familiar with the decedent stating that he was not

depressed. *Id.* 748 P.2d at 153. On appeal from the trial court's grant of summary judgment the court stated: "... the weight to be attributed to the opinion of an expert witness is a matter within the province of the jury." *Id.* 748 P.2d at 153–54 (citations omitted). The court further held that plaintiff's affidavits raised factual issues that would merit consideration by a jury. *Id.* 748 P.2d at 154.

Under Iowa law there is a presumption against suicide as a form of death. Even if defendant was able to establish the absence of any genuine issue of material fact, this presumption creates an additional burden on the defendant.

We find error in the trial court's judgment granting the defendant's motion for summary judgment. We find a genuine issue of material fact exists as to the nature of the insured's death. We reverse.

Costs are taxed to the appellees.

REVERSED.