Lavern W. CRUISE and Dorothy
Cruise, Appellants,

v.

WENDLING QUARRIES, INC., and
Calvin Paup, Appellees.

No. 92–115.

Court of Appeals of Iowa.

Feb. 23, 1993.

Max E. Kirk and David W. Stamp of Ball, Kirk, Holm & Nardini, P.C., Waterloo, for appellants.

Mark Fransdal, Mark S. Rolinger and David R. Mason of Redfern, Mason, Dieter, Larsen & Moore, Cedar Falls, for appellees.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ., but considered en banc.

HABHAB, Judge.

On August 9, 1988, plaintiff Lavern Cruise was injured during the course of his employment with Mid–State Construction Company. His injuries occurred when the company's semi-truck and trailer he was driving struck a bridge. The truck and trailer were hauling a rock screening plant for defendant Wendling Quarries, Inc. An escort vehicle driven by Calvin Paup, a Wendling employee, with a height pole provided by Mid–State attached to the vehicle's bumper passed under the overpass ahead of the truck without incident.

On October 13, 1989, Mid–State commenced in Linn County an action against defendants Wendling and Paup (hereinafter "Wendling") for property damage sustained to the semi-truck and trailer. Wendling filed an answer and counterclaim for damages to its screening plant. Wendling then brought Lavern Cruise, the plaintiff in the case at bar, into the Linn County action by filing a third-party petition that asserted Cruise was responsible for the damages to its screening plant. Cruise filed an answer denying liability and asserting a number of affirmative defenses including comparative fault, sole proximate cause and intervening cause.

Cruise did not make a claim for personal injury damages in the Linn County litigation. As a result, the Linn County District Court granted Wendling's motion in limine preventing Cruise from presenting any evidence concerning his damages. However, Cruise was not precluded from offering evidence on the issue of liability.

Wendling's counterclaim raised an issue of bailment against Mid–State as to the damage to the screening plant that was bailed to Mid–State. As it relates to bailment, the jury was instructed:

When a property is delivered to a bailee [Mid–State] in good condition and returned in a damaged condition, a presumption arises that the damage is due to the negligence of the bailee. The presumption can be overcome if the damage is shown to have occurred in spite of due care on the part of the bailee.

If the presumption is not overcome by the evidence, you may use the presumption in determining whether the defendant was negligent.

But, if you find such presumption is overcome by evidence that the damage occurred in spite of due care on the part of the bailee, then you will give no weight to the presumption, and the plaintiff must show by the greater weight of the evidence that the defendant was negligent.

As to Mid–State's claim for its property damage, the jury in the Linn County case found that as against Wendling Quarries, Calvin Paup, and Lavern Cruise that Mid–State was 100% at fault and that neither of the others was at fault. The trial judge then dismissed Mid–State's claim for its property damage.

As it relates to Wendling's counterclaim (the claim that involved the bailment), the jury found that Mid–State was 100% at fault and that neither Wendling, Paup, or Cruise was at fault. It fixed Wendling's damages, and the trial judge entered judgment accordingly.

The jury was also asked to determine Wendling's claim against Cruise for damages to its screening plant. It is here that Cruise asserted as a defense comparative fault. The jury found that Cruise was not at fault. The trial judge then dismissed Wendling's claim against Cruise.

Prior to the filing of the third-party petition, Cruise filed this personal injury lawsuit against Wendling and Paup in Black

Hawk County for injuries Cruise sustained from the accident that was the subject of the Linn County lawsuit. Cruise's wife was also a plaintiff in that action, but this opinion will refer to both plaintiffs as "Cruise."

Based on the verdict in the Linn County litigation, Wendling, the defendant here, filed a motion for summary judgment that seeks a dismissal of Cruise's case on the grounds that the question of fault has already conclusively been determined under the doctrine of issue preclusion. Cruise filed a resistance to the motion for summary judgment, asserting that the issues in the two cases were not identical, that the issue of fault was not litigated by Cruise in the Linn County litigation, and that the lack of identity of the parties in the two litigations made the doctrine of issue preclusion inapplicable.

The district court entered an order granting Wendling's motion for summary judgment. The court determined that the bailment issue raised in the Linn County litigation only shifted the burden of going forward and did not change the negligence issue. The court concluded that Wendling's fault with respect to Cruise was litigated and that the motion in limine did not prevent Cruise from presenting any evidence regarding the negligence issue. The court also ruled that strict identity of parties was not needed and that the fault issue in the Linn County litigation precluded Cruise from relitigating the issue in this case.

Cruise appeals. We affirm.

Our review is for corrections of errors at law. Iowa R.App.P. 4. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *Milne*, 424 N.W.2d at 423. The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.; Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423; *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). If the motion is properly supported, however, the resisting party "must set forth specific facts showing that there is a genuine issue for trial." Iowa R.Civ.P. 237(e). The language of our rule and case law are substantially similar or identical to that of rule 56 of the Federal Rules of Civil Procedure, *see, e.g., Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538, 551–53 (1986), which we may draw from for guidance in interpreting our own rule. *Sherwood*, 179 N.W.2d at 339. We now turn to the facts, all of which appear to be undisputed, as viewed in a light most favorable to the party resisting the motion for summary judgment.

■■■ Cruise contends the district court erred in applying the law of issue preclusion to the present case. The purpose of the doctrine of issue preclusion, also known as the doctrine of collateral estoppel, is to prevent relitigation of issues raised and resolved in a previous action. *Hall v. Barrett*, 412 N.W.2d 648, 650 (Iowa App.1987).

> The four prerequisites for issue preclusion are well-established: (1) The issue concluded must be identical; (2) The issue must have been raised and litigated in the prior action; (3) The issue must have been material and relevant to the disposition of the prior action; and (4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Israel v. Farmer's Mutual Ins. Assoc. of Iowa*, 339 N.W.2d 143, 146 (Iowa 1983).

Cruise's initial argument is that the issue concluded in the Linn County litigation is not identical to the issue presented here, because there was a presumption in the Linn County litigation that Mid–State was negligent since Mid–State was a bailee. Therefore, Cruise contends the issues are not the same for there would be no presumption of negligence in the instant case.

Wendling argues that the presumption which bailment creates does not shift the burden of proof with respect to negligence, but merely shifts the burden of going forward with evidence that the damage occurred through something consistent with due care on the bailee's part. We are cited to *Naxera v. Wathan*, 159 N.W.2d 513, 518 (Iowa 1968). Wending further argues that the burden of proof always rests with the plaintiff-bailor and never shifts to the defendant-bailee and again cites us to the *Naxera* case. In this respect

> The rule is that the bailor makes out a prima facie case by proof of delivery of the property in good condition and redelivery in a damaged condition with proof of the amount of damages. The bailee must then go forward with his proof to rebut this presumption or prima facie case by showing that the loss occurred through some cause consistent with due care on his part, in which case he is entitled to the verdict, unless the bailor sustains his burden of proof with evidence that, nevertheless, the loss would not have occurred but for the negligence of the bailee.

*Walters v. Sanders Motor Co.*, 229 Iowa 398, 400, 294 N.W. 621, 622 (1940). Although we find Cruise's argument persuasive, we need not resolve the effect of the bailment instruction for that instruction was not applicable to the main claim of negligence filed by Mid–State for its property damage, nor do either of the parties assert that the bailment instruction was applicable to Wendling's claim against Cruise.

Cruise next claims that a lack of identity of the parties between the Linn County and the Black Hawk County litigation substantially changes the issues involved and,

therefore, renders the application of issue preclusion inappropriate.

■ We begin the inquiry with a review of the two types of res judicata: claim and issue preclusion. Res judicata as claim preclusion applies when a litigant has brought an action, an adjudication has occurred, and the litigant is thereafter foreclosed from further litigation on the claim. *Israel*, 339 N.W.2d at 146. The doctrine is based on the principle that a party may not split or try a claim piecemeal, but must put in issue the entire claim or defense in the case on trial. *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976). Insufficient identity of the parties will only defeat claim preclusion, not issue preclusion. *Selchert v. State*, 420 N.W.2d 816, 818· (Iowa 1988).

The Iowa Supreme Court in *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123–25 (Iowa 1981), distinguished between the defensive and offensive use of the doctrine of issue preclusion. Here the defendants are using the doctrine in a defensive manner. The court discussed the question of privity or mutuality of the parties and distinguished between defensive and offensive use. *Id.* The supreme court relaxed the requirement under certain circumstances with respect to offensive use and indicated it was not necessary in the defensive situation. *Id.* Therefore the absence of Mid–State in the Black Hawk County lawsuit does not prevent the application of the doctrine of issue preclusion.

■ Cruise also argues that because Mid–State was missing, evidence of Mid–State's fault was not admissible in the Black Hawk County litigation and therefore the issues of fault were not identical in the two cases. But, even though Mid–State could not be made a party to the Black Hawk County litigation, Wendling could still assert that Mid–State was the sole proximate cause of Cruise's injury. *Sponsler v. Clarke Electric Cooperative, Inc.*, 329 N.W.2d 663, 665 (Iowa 1983).

■ Cruise next claims the issue of Wendling's fault with respect to Cruise was not litigated by the parties in the prior adjudi-

cation. Cruise states that because he chose not to assert his personal injury claim in the Linn County litigation, the issue of who was at fault for his personal injuries was never litigated. He argues that Wendling's motion in limine prevented him from bringing in evidence on his personal injury claim. The focus of our inquiry when applying the doctrine of issue preclusion must be on the issues. *Selchert*, 420 N.W.2d at 818. In the Linn County litigation, Cruise asserted as an affirmative defense that Wendling was at fault for the accident. The jury determined the percentage of fault between Mid–State, Wendling and Cruise and found Mid–State 100% at fault. Cruise alleges his injuries were caused by the same accident. Cruise was a party to the former action and therefore had the requisite opportunity to litigate the issue of fault for the accident. The motion in limine only limited evidence that went towards Cruise's damages. It did not affect evidence on the issue of liability. There is no indication that Cruise was denied the opportunity to litigate his fault claim against Wendling as part of his affirmative defense. He was only prohibited from determining how much damages he suffered.

We conclude, like the trial court, that the undisputed facts as well as the pleadings in the Black Hawk County case and the Linn County case reveal that the issues in the two lawsuits are identical, that is, the question of who was at fault with respect to the accident. We further conclude that these issues were raised and litigated in Linn County and that the issue of fault was material and relevant to the disposition of that case and that its determination was necessary and essential to the judgment that was entered in that matter. We agree that the defendants' motion for summary judgment should have been sustained and accordingly affirm.

**AFFIRMED.**