Nancy J. NICHOLS, Plaintiff–
Appellant/Cross–Appellee,

v.

Nick E. NICHOLS, Defendant–
Appellee/Cross–Appellant.

No. 93–1830.

Court of Appeals of Iowa.

Nov. 28, 1994.

As Corrected Nov. 29, 1994.

Reta Noblett–Feld and Paul Papak, University of Iowa Clinical Law Program, and William Mooney, Bradley Tucker, and Allegra Hyte, student legal interns, for appellant.

Larry E. Ivers, Eagle Grove, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ., CADY, J., takes no part.

HABHAB, Judge.

Nick Nichols joined the Navy in May 1966. A few weeks later he married Nancy Nichols in Clarion, Wright County, Iowa. Nancy contends, and we agree, the record supports a finding that Nancy and Nick retained Iowa as their state of residence throughout their marriage.

The parties remained married for fifteen years and had three children: Dana, born December 14, 1966; Anne, born January 27, 1969; and Kathryn, born December 2, 1973. In December 1981, the marriage was dissolved by the Connecticut superior court in accordance with the parties' stipulation. Nancy did not appeal the dissolution decree.

Nick retired from the Navy in 1986, after twenty years of service, with a fully vested pension. As it relates to that pension, the Connecticut dissolution decree did not mention nor did Nick list it on the financial affidavit he filed in the Connecticut court proceedings. Nancy, however, knew that if Nick remained in the Navy he would eventually be entitled to a pension.

In December 1991, Nancy filed a petition in the district court for Wright County, Iowa, where Nick resides, seeking to partition Nick's military pension. Nancy sought a partition only, not a modification, of the dissolution decree.[1] After a hearing, the district court overruled and dismissed Nancy's petition. Nancy appeals. We affirm. Partition actions are equitable proceedings. Iowa R.Civ.P. 270. Equitable proceedings are reviewable de novo. Iowa R.App.P. 4.

## I.

Nancy asked that Nick's military pension be partitioned. She claims that Nick's pension was and is a "marital asset" under Iowa law and, thus, subject to equitable partition. She also claims that Iowa law should apply to this partition action.

We agree with Nancy that Iowa law applies to this partition action. We also agree that "marital assets" as those words are used in our appellate decisions are subject to equitable distribution in a dissolution action, but disagree with the assertion that Nancy has an ownership interest in the pension to allow her the remedy she seeks.

## II.

Both real property and personal property may be partitioned. Iowa R.Civ.P. 270. But in Iowa, a party seeking a partition must have an ownership interest in the property sought to be partitioned. *Neoco, Inc. v. Christenson*, 312 N.W.2d 559 (Iowa 1981); *Snyder v. Snyder*, 211 Iowa 445, 446, 233 N.W. 498 (1930); *Traversy v. Bell*, 195 Iowa 1243, 1246, 193 N.W. 439 (1923).

In the early case of *Smith v. Runnels*, 97 Iowa 55, 65 N.W. 1002 (1896), we dealt with the right to maintain a partition action against persons who hold only remainder interests. We held that partition cannot be ordered against remaindermen be-

1. Since Nancy sought only a partition in her pleadings, and the trial court made no adjudication insofar as modification is concerned, we decline to consider the issue of modification of the Connecticut decree.

cause the statute, now Iowa Rule of Civil Procedure 270, authorizes partitions only between joint owners or tenants-in-common. *Id.* at 57, 65 N.W. at 1002. Our view seems to be the one generally taken by courts elsewhere.

*Morris v. Morris,* 383 N.W.2d 527, 528 (Iowa 1986).

It has been held that an action for partition requires some form of joint ownership or ownership as tenants-in-common in the property. *Id.* at 528. As stated in *Morris,* "partition may be maintained only when the parties, plaintiff and defendant, are entitled to the present possession of their interest in severalty." *Id.* The question that must be answered is whether Nancy, under Iowa partition law, has an ownership interest in Nick's pension?

### III.

To fully understand Nancy's position and the unique situation in this case, we must review: (1) the law as it stood at the time the Connecticut decree was entered; (2) the law in community property states; and (3) the law in Iowa.

In 1981, the United States Supreme Court held military pensions were not an asset subject to distribution under community property law in California. *McCarty v. McCarty,* 453 U.S. 210, 236, 101 S.Ct. 2728, 2742–43, 69 L.Ed.2d 589, 608 (1981). Congress, in response, enacted the Uniformed Services Former Spouses' Protection Act (USFSPA) which effectively overruled the California *McCarty* case.[2]

Other jurisdictions, primarily community property states, have allowed partition actions to deal with military pensions unadjudicated in previous dissolution decrees. *Henn v. Henn,* 26 Cal.3d 323, 161 Cal.Rptr. 502, 605 P.2d 10 (1980); *Carr v. Carr,* 116 Idaho 747, 779 P.2d 422 (App.1989); *Amie v. Amie,* 106 Nev. 541, 796 P.2d 233 (1990); *Harrel v. Harrel,* 692 S.W.2d 876 (Tex.1985). However, the theory behind these cases rests in the principles of community property law.

California set out these general principles as follows:

> Under California law, a spouse's entitlement to a share of the community property arises at the time that the property is acquired. That interest is not altered except by judicial decree or an agreement between the parties. Hence "under settled principles of California community property law, 'property which is not mentioned in the pleadings as community property is left unadjudicated by decree of divorce, and is subject to future litigation, the parties being tenants in common meanwhile.'" This rule applies to partial divisions of community property as well as divorces unaccompanied by any property adjudication whatsoever.

*Henn,* 161 Cal.Rptr. at 505, 605 P.2d at 13 (cites omitted). Thus, under California law, a spouse is entitled to share in community property at the time the property is acquired. That interest, according to California law, is not altered except by judicial decree or an agreement of the parties. Following California law further, in the event the property is omitted from the pleadings, it is left unadjudicated and is subject to future litigation. Under California law and those states that have adopted the community property ownership concept, it is likely, although we do not so hold, Nancy would have an interest in Nick's pension and his pension may be subject to a partition action.

■ Iowa, however, is not a community property[3] state. Rather, it is a state where, as a general statement of the law,[4] a spouse

---

**2.** The USFSPA became effective on February 1, 1983, and was retroactive to June 25, 1981, the day prior to *McCarty. In re Marriage of Howell,.* 434 N.W.2d 629, 631 (Iowa 1989). The decree in this case was entered in the "gap" period between *McCarty* and the enactment of the USFSPA. *See* Pub.L. No. 97–252, § 1006, 96 Stat. 718, 730–38 (1982).

**3.** Community property is not known to the common law or to the Roman law. In the United States, community property derives its existence from express legislation; it is a creature of statute and can exist only under the circumstances expressly provided for. 15A Am.Jur.2d *Community Property* § 1, at 630 (1976).

**4.** We refer to this as a general statement of the law even though "[i]t is well settled that a spouse's right to a statutory distributive share is inchoate during the life of the other spouse and merely operates as a burden or encumbrance

in his or her own right owns property separate from the other spouse. The Iowa Code provides:

> When property is owned by the husband or wife, the other has no interest therein which can be the subject of contract between them, nor such interest as will make the same liable for the contracts or liabilities of the one not the owner of the property, except as provided by this chapter.

Iowa Code § 597.2 (1993). Further, our supreme court has stated a wife has no inchoate right in her husband's personal property and the husband may dispose of such personal property in any manner during his lifetime. *Samson v. Samson,* 67 Iowa 253, 259–60, 25 N.W. 233, 236 (1885).

### IV.

Courts of this state are directed to make an equitable division of property. Courts do so under Iowa Code section 598.21(1) where it is mandated that courts are to consider all the enumerated factors of that section. In addition, courts are also to consider, as required in section 598.21(1)(m), "other factors the court may determine to be relevant in an individual case." *In re Marriage of Yates,* 365 N.W.2d 49, 51 (Iowa App.1985).

We can appreciate how the appellants may have been misled when, on the appellate level, we have referred to military pensions and other personal and real property that are subject to division in a dissolution action as a "marital asset." But when such reference is made it is done for the sole purpose of designating that property which is subject to equitable division in the dissolution action. The mere designation of property as a "marital asset" does not automatically give the nonowner spouse an ownership in that asset. Such ownership only takes place when the court adjudicates what that interest will be, if any, and decrees as such in the decretal part of its ruling. Until then, such property remains the separate property of the owner spouse. This is unlike California, where generally the spouse, under community property law, has an ownership interest in community property by virtue of the marriage.

upon the real estate. As such, the spouse holds no interest in the land to convey...." *Matter of*

Nancy relies rather heavily on *In re Marriage of Howell,* 434 N.W.2d 629 (Iowa 1989). *Howell* is a case which held military pensions may be treated as marital property in dissolution actions. *Id.* at 630. But, before reaching that decision, our supreme court, in *Howell,* in forming the issues before it said: "We must determine whether the military pension is marital property to be divided equitably between the parties or whether it is income to be considered in awarding alimony." *Id.* at 631.

*Howell* dealt solely with how military pensions are to be treated in dissolution actions. Although it designated military pensions as marital assets, it did not hold that the wife, because of the marital relationship, had an ownership interest in the pension as would be the case in community property states. Rather, it held that the pension was subject to equitable distribution through the dissolution proceedings. In Iowa, such ownership interest is developed through the adjudicatory or decretal portion of the decree. It is well settled that the decree dissolving the marriage finally settles all property rights and interests of the parties in the property of each other. *Sieren v. Bauman,* 436 N.W.2d 43 (Iowa 1989).

### V.

Nancy does not contend she has an ownership claim to Nick's pension by virtue of joint ownership or ownership through tenancy in common. She makes claim to ownership interest because Iowa designates military pensions as "marital assets." We have held otherwise.

From the date of its origin to the commencement of these proceedings, Nick's pension has been his separate property. That pension was neither divided nor disposed of in the Connecticut decree.

> In divorce proceedings, property rights that have not been otherwise settled, must, of necessity, be settled by the decree, and it can make no difference where the title rests. If the title is left undisturbed, it is, in effect, adjudged in the party who holds

*Estate of Wulf,* 471 N.W.2d 850, 852 (Iowa 1991).

it. In other words, property rights are settled and adjudged in a divorce decree whenever the parties own property.

*Prochelo v. Prochelo,* 346 N.W.2d 527, 529 (Iowa 1984) (quoting *Roberts v. Playle,* 150 Iowa 279, 280, 129 N.W. 945, 946 (1911)). Consequently, under Iowa law, ownership of the unadjudicated pension remains with Nick.

Since an ownership interest is required for a partition, we find a partition action is not available under the facts and circumstances of this case. The district court properly overruled and dismissed Nancy's petition.

Given our findings on Nancy's appeal, we need not address the issues raised on cross appeal.

Costs are assessed to Nancy.

**AFFIRMED.**

HAYDEN, P.J., concurs.

SACKETT, J., concurs specially.

SACKETT, Judge (concurring specially).

I concur with the majority that the trial court should be affirmed. I write specially because of the confusion that has been created by the use in the Iowa common law of the words "marital property" and to suggest we seek to eliminate these two words from our vocabularies.

Iowa is an equitable division state. The court considers the equities and divides property interests and liabilities under the specific direction of statute. *See* Iowa Code 598.21(1)(a–h). The court has jurisdiction over all property owned by either spouse. This is true even though we recognize individual ownership. Iowa is not a community property state where, by virtue of the marriage, spouses acquire certain property rights. Therefore, an item of property is divided because it is equitable to divide it, not because it is "marital property."