# IN THE COURT OF APPEALS OF IOWA

No. 17-1926
Filed January 24, 2018

**IN THE INTEREST OF T.O.,**
**Minor Child,**

**S.O., Father,**
 Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Mary L. Timko, Associate Juvenile Judge.

A father appeals the district court's order granting the State's motion to quash. **AFFIRMED.**

Harold K. Widdison of Harold K. Widdison, P.C., Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

Marchelle M. Denker of Juvenile Law Center, Sioux City, guardian ad litem for minor child.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

The father appeals the district court's order granting the State's motion to quash. The father asserts the court abused its discretion when it granted the State's motion in response to his subpoena.

On September 6, 2016, a child-in-need-of-assistance (CINA) petition was filed after a physical altercation between the father and his son, T.O. T.O. was adjudicated CINA and removed from his father's home on October 27, 2016, and placed in the custody of the Iowa Department of Human Services (DHS). T.O. was placed in a foster home in Storm Lake and, subsequently, reported sexual abuse by one of the other children in the home. T.O. was removed from that home and placed in a residential facility. On November 3, 2017, the father served a subpoena on the DHS seeking T.O.'s entire case file, including "all police reports and medical reports regarding the sexual abuse incident involving T.O." On November 8, the State filed a motion to quash that, after a hearing, was granted by the district court.

Iowa Rule of Civil Procedure 1.1701(4) protects persons subject to a subpoena, stating, in relevant part:

> a. Avoiding undue burden or expense; sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction, which may include lost earnings and reasonable attorney's fees, on a party or attorney who fails to comply.
> . . . .
> d. Quashing or modifying a subpoena.
> (1) When required. On timely motion, the issuing court must quash or modify a subpoena that:
> 1. Fails to allow a reasonable time to comply;
> 2. Requires a person who is neither a party nor a party's officer to travel more than 50 miles from where that person resides, is employed, or regularly transacts business in person, except that a

person may be ordered to attend trial anywhere within the state in which the person is served with a subpoena;
3. Requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
4. Subjects a person to undue burden.

The district court has wide discretion in ruling on a motion to quash. *Morris v. Morris*, 383 N.W.2d 527, 529 (Iowa 1986). An abuse of discretion occurs when the trial court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *In re Estate of Rutter*, 633 N.W.2d 740, 745 (Iowa 2001). A ground or reason is untenable when it is not supported by substantial evidence or is based on an erroneous application of the law. *Id*.

After a hearing on permanency, the father's motion to modify prior dispositional orders, as well as the State's motion to quash, the district court summarily sustained the State's motion. In the ruling on the father's motion to reconsider, the court found that the child was to be returned to his father and that producing more than fourteen months-worth of documents in the entire DHS file would be unduly burdensome. In addition, the court found the documents sought held no evidentiary value because "the matter was uncontested and ripe for dismissal." Finally, the court determined that the father had been presented with copies of the case permanency plan and discharge summary and had been invited to participate in family team meetings where this information was shared. Although the father questions what the State may be "hiding" from the father, the State replies, "[T]he material sought here appeared to be of relevance to another case at another time." We agree. Therefore, there was no legitimate reason for producing the entire DHS file in the current CINA proceeding. Upon our review,

4

we find no abuse of discretion in quashing the subpoena.  We affirm pursuant to Iowa Ct. R. 21.26(1)(a), (d), and (e).

**AFFIRMED.**